No. 25-20568

## IN THE UNITED STATES COURT OF
## APPEALS FOR THE FIFTH CIRCUIT

---

JOE ANTHONY ALANIZ,
Plaintiff–Appellee,

v.

MARK CANNON, DEPUTY,
Defendant–Appellant.

---

Appeal from the United States District Court for the Southern District of Texas
In Case No. 4:22-cv-1991, the Honorable Charles Eskridge III presiding.

---

**RECORD EXCERPTS OF
APPELLANT MARK CANNON**

---

SUBMITTED BY:

**ATTORNEY-IN-CHARGE:**

**JOSHUA GREEN**
Assistant County Attorney
Texas Bar No. 24080915
Federal ID No. 1428074
Tel: (713) 274-5229 (direct)
joshua.green@harriscountytx.gov
**Office of The Harris County
Attorney**
1019 Congress
Houston, Texas 77002

**OF COUNSEL:**

**FRANK FORD**
Assistant County Attorney
Texas Bar No. 24012642
Federal ID No. 565385
Tel: (832) 570-7582 (direct)
Frank.ford@harriscountytx.gov
**Office of The Harris County
Attorney**
1019 Congress
Houston, Texas 77002

**Attorneys For Defendant-Appellant
Mark Cannon**

April 17, 2026.

## TABLE OF CONTENTS

**Contents**                                                                **Page**

TAB 1      Docket Sheet……………………………………..ROA.1-20

TAB 2      Opinion and Order on Motions for Summary
           Judgment.. …………………………………….ROA.3634-3653

TAB 3      Notice of Appeal…………………………………ROA.3668-3670

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 17, 2026, I filed a true and correct copy of the foregoing instrument via the Court's CM/ECF system, which will automatically serve a copy on all parties' counsel.

<u>Appellee Mr. Alaniz's Counsel</u>
U.A. Lewis
Texas Bar No. 24076511
Myattorneyatlaw@gmail.com
P.O. Box 27353
Houston, Texas 77227

<u>Defendant Harris County's (Dismissed by Trial Court) Counsel</u>
James C. Butt
Sr. Assistant County Attorney
Texas Bar No. 24040354
James.Butt@harriscountytx.gov
1019 Congress
Houston, Texas 77002

*/s/  Joshua Green*
**JOSHUA GREEN**

## <u>CERTIFICATE OF COMPLIANCE</u>

The excerpts filed are in compliance with FRAP 25(d).

*/s/  Joshua Green*
**JOSHUA GREEN**

**TAB 1**

APPEAL

# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Houston)
# CIVIL DOCKET FOR CASE #: 4:22-cv-01991
# Internal Use Only

Alaniz v. Harris County, Texas et al
Assigned to: Judge Charles Eskridge
Case in other court:  234 Harris County, 22-32136
Cause: 42:1983 Civil Rights Act

Date Filed: 06/17/2022
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Joe Anthony Alaniz**                    represented by   **U.A. A Lewis**
The Lewis Law Group
P O Box 27353
Houston, TX 77227
713-570-6555
Email: myattorneyatlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Harris County, Texas**                    represented by   **James Carroll Butt**
Harris County Attorney's Office
Defensive Litigation
1019 Congress
Houston, TX 77002
713-274-5133
Email: james.butt@harriscountytx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Ronell Burnett**
Harris County Attorney's Office
1019 Congress Ave
15th Fl.
Houston, TX 77002
713-274-5224
Email: gregory.burnett@harriscountytx.gov
*ATTORNEY TO BE NOTICED*

**Jennifer Farleo Callan**
Thompson, Coe, Cousins & Irons, L.L.P.
4400 Post Oak Parkway
Ste 1000
Houston, TX 77027
713-403-8219

**25-20568.1**

Fax: 713-403-8299
Email: jcallan@thompsoncoe.com
*TERMINATED: 03/24/2023*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sheriff Ed Gonzalez**                     represented by   **James Carroll Butt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Ronell Burnett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Vanessa Esqueda**
*TERMINATED: 02/01/2023*

**Defendant**

**Sgt. Ana Ortiz**
*TERMINATED: 02/01/2023*

**Defendant**

**Deputy Mark Cannon**                     represented by   **Joshua Allen Green**
Harris County Attorney's Office
1019 Congress Ave.
15th Floor
Houston, TX 77002
817-705-6305
Email: joshua.green@harriscountytx.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Suzanne Bradley**
Harris County Attorney's Office
1019 Congress
15th Floor
Houston, TX 77002
713-274-5330
Fax: 713-755-8924
Email: Suzanne.Bradley@harriscountytx.gov
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Francis Joseph Ford**
Harris County Attorney's Office
1019 Congress Ave.
15th Floor
Houston, TX 77002

832-570-7582
Email: frank.ford@harriscountytx.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2022 | 1 (p.21) | NOTICE OF REMOVAL from 234th District Court, Harris County, Tx, case number 2022-32136 (Filing fee $ 402 receipt number ATXSDC-28338999) filed by Harris County, Texas. (Attachments: # 1 (p.21) Exhibit Plaintiff's Original Complaint in State Court Action, # 2 (p.70) Exhibit Copy of service documents for Harris County, # 3 (p.86) Exhibit Copy of current docket sheet in the State Court action, # 4 (p.104) Exhibit Index of Documents filed with removal action, # 5 (p.107) Exhibit List of all counsel of record, # 6 (p.110) Exhibit Civil Cover Sheet)(Callan, Jennifer) (Entered: 06/17/2022) |
| 06/27/2022 | 2 (p.70) | MOTION to Dismiss *Plaintiff's Original Complaint* by Harris County, Texas, filed. Motion Docket Date 7/18/2022. (Attachments: # 1 (p.21) Proposed Order dismissing Defendant Harris County)(Butt, James) (Entered: 06/27/2022) |
| 06/27/2022 | 3 (p.86) | MOTION to Dismiss *Plaintiff's Original Complaint* by Sheriff Ed Gonzalez, filed. Motion Docket Date 7/18/2022. (Attachments: # 1 (p.21) Proposed Order dismissing Defendant Sheriff Gonzalez)(Butt, James) (Entered: 06/27/2022) |
| 06/27/2022 | 4 (p.104) | STATEMENT *of Information in Removed Action* by Harris County, Texas, Sheriff Ed Gonzalez, filed.(Butt, James) (Entered: 06/27/2022) |
| 06/27/2022 | 5 (p.107) | CERTIFICATE OF INTERESTED PARTIES by Harris County, Texas, Sheriff Ed Gonzalez, filed.(Butt, James) (Entered: 06/27/2022) |
| 06/27/2022 | 6 (p.110) | NOTICE *of Certificate of Service in Removed Action* by Harris County, Texas, Sheriff Ed Gonzalez, filed. (Butt, James) (Entered: 06/27/2022) |
| 07/06/2022 | 7 (p.112) | CERTIFICATE OF INTERESTED PARTIES by Joe Anthony Alaniz, filed.(Lewis, U.A.) (Entered: 07/06/2022) |
| 07/08/2022 | 8 (p.114) | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiff's Original Complaint* by Deputy Mark Cannon, filed. Motion Docket Date 7/29/2022. (Bradley, Suzanne) (Entered: 07/08/2022) |
| 07/08/2022 | 9 (p.143) | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 8/10/2022 at 10:30 AM in Courtroom 8B before Judge Charles Eskridge(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 07/08/2022) |

| 07/08/2022 | 10 (p.146) | Order in Removed Case. Statement due within ten days.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 07/08/2022) |
|---|---|---|
| 07/13/2022 | 11 (p.149) | SCHEDULING and DOCKET CONTROL ORDER. Amended Pleadings due by 10/12/2022. Joinder of Parties due by 09/09/2022. Plaintiff Expert Report due by 04/11/2023. Deft Expert Report due by 05/11/2023. Discovery due by 06/27/2023. Mediation due by 09/12/2023. Dispositive Motion Filing due by 07/27/2023. Non-Dispositive Motion Filing due by 07/27/2023. Joint Pretrial Order due by 10/12/2023. Docket Call set for 11/21/2023 at 1:30 PM before Judge Charles Eskridge. (Signed by Judge Charles Eskridge) Parties notified. (jennellegonzalez) (Entered: 7/13/2022) (Entered: 07/13/2022) |
| 07/18/2022 | 12 (p.152) | First AMENDED COMPLAINT with Jury Demand against All Defendants filed by Joe Anthony Alaniz. (Attachments: # 1 (p.21) Appendix CASES OF ARREST BY HARRIS COUNTY SHERIFF DISMISSED FOR LACK FOR LACK OF PROBABLE CAUSE)(Lewis, U.A.) (Entered: 07/19/2022) |
| 07/19/2022 | | (Court only) ***Motion(s) terminated as moot: 2 (p.70) MOTION to Dismiss *Plaintiff's Original Complaint*, 8 (p.114) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiff's Original Complaint*, 3 (p.86) MOTION to Dismiss *Plaintiff's Original Complaint*. Complaint was amended. (jengonzalez, 4) (Entered: 07/19/2022) |
| 07/22/2022 | 13 (p.181) | CERTIFICATE OF INTERESTED PARTIES by Deputy Mark Cannon, filed.(Bradley, Suzanne) (Entered: 07/22/2022) |
| 07/22/2022 | 14 (p.183) | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Deputy Mark Cannon, Harris County, Texas, Sheriff Ed Gonzalez, filed.(Butt, James) (Entered: 07/22/2022) |
| 07/26/2022 | 15 (p.190) | MOTION to Dismiss 12 (p.152) Amended Complaint/Counterclaim/Crossclaim etc. by Harris County, Texas, filed. Motion Docket Date 8/16/2022. (Attachments: # 1 (p.21) Exhibit documentation of probable cause arrests, # 2 (p.70) Proposed Order)(Butt, James) (Entered: 07/26/2022) |
| 07/26/2022 | 16 (p.220) | MOTION to Dismiss 12 (p.152) Amended Complaint/Counterclaim/Crossclaim etc. by Sheriff Ed Gonzalez, filed. Motion Docket Date 8/16/2022. (Attachments: # 1 (p.21) Proposed Order granting motion to dismiss)(Butt, James) (Entered: 07/26/2022) |
| 07/27/2022 | 17 (p.235) | NOTICE of Resetting. Parties notified. Initial Conference set for 9/28/2022 at 10:30 AM in Courtroom 8B before |

| | | |
|---|---|---|
| | | Judge Charles Eskridge, filed. (JosephWells, 4) (Entered: 07/27/2022) |
| 07/27/2022 | 18 (p.236) | Request for Issuance of Summons as to Deputy Mark Cannon, Deputy Vanessa Esqueda, Sgt. Ana Ortiz, filed. (Attachments: # 1 (p.21) Deputy Vanessa Esqueda, # 2 (p.70) Deputy Mark Cannon)(Lewis, U.A.) (Entered: 07/27/2022) |
| 07/28/2022 | 19 (p.242) | Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiff's Amended Complaint* by Deputy Mark Cannon, filed. Motion Docket Date 8/18/2022. (Attachments: # 1 (p.21) Proposed Order)(Bradley, Suzanne) (Entered: 07/28/2022) |
| 07/29/2022 | 20 (p.272) | Summons Issued as to Deputy Mark Cannon, Deputy Vanessa Esqueda, Sgt. Ana Ortiz. Issued summons delivered to plaintiff by NEF, filed. (Attachments: # 1 (p.21) Summons, # 2 (p.70) Summons) (BrandisIsom, 4) (Entered: 07/29/2022) |
| 08/16/2022 | 21 (p.278) | Unopposed MOTION for Extension of Time TO FILE A RESPONSE TO DEFENDANT HARRIS COUNTY AND SHERIFF EDDONZALEZS MOTION TO DISMISS [DKT 15&16] by Joe Anthony Alaniz, filed. Motion Docket Date 9/6/2022. (Lewis, U.A.) (Entered: 08/16/2022) |
| 08/26/2022 | 22 (p.281) | ORDER granting 21 (p.278) Motion for Extension of Time; Motion-related deadline set re: 21 (p.278) Unopposed MOTION for Extension of Time TO FILE A RESPONSE TO DEFENDANT HARRIS COUNTY AND SHERIFF EDDONZALEZS MOTION TO DISMISS [DKT 15&16]. Response due by 08/26/202.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 08/26/2022) |
| 09/20/2022 | | Initial Conference set for 9/28/2022 at 10:30 AM in Courtroom 8B before Judge Charles Eskridge is CANCELLED until further notice of the Court. (jengonzalez, 4) (Entered: 09/20/2022) |
| 09/21/2022 | 23 (p.282) | ORDER re: The motions by Defendants Harris County, Sherriff Ed Gonzales, and Deputy Mark Cannon to dismiss the first amended complaint of Plaintiff Joe Anthony Alaniz are GRANTED as unopposed. Dkts 15, 16 & 19. The first amended complaint of Plaintiff Joe Anthony Alaniz is DISMISSED WITHOUT PREJUDICE. Dkt 12.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 09/21/2022) |
| 09/21/2022 | 24 (p.284) | FINAL JUDGMENT. Case terminated on 09/21/2022.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 09/21/2022) |
| 10/19/2022 | 25 (p.285) | MOTION for Reconsideration ( Motion Docket Date 11/9/2022.), MOTION to Reinstate Claims against |

| | | |
|---|---|---|
| | | Defendants by Joe Anthony Alaniz, filed. (Lewis, U.A.) (Entered: 10/20/2022) |
| 10/21/2022 | 26 (p.294) | RESPONSE to 25 (p.285) MOTION for Reconsideration MOTION to Reinstate Claims against Defendants filed by Harris County, Texas, Sheriff Ed Gonzalez. (Attachments: # 1 (p.21) Proposed Order denying plaintiff's motion for reconsideration)(Butt, James) (Entered: 10/21/2022) |
| 10/25/2022 | 27 (p.302) | RESPONSE to 25 (p.285) MOTION for Reconsideration MOTION to Reinstate Claims against Defendants filed by Deputy Mark Cannon. (Attachments: # 1 (p.21) Proposed Order)(Bradley, Suzanne) (Entered: 10/25/2022) |
| 12/22/2022 | 28 (p.314) | ORDER re: 25 (p.285) Motion for Reconsideration. The motion for reconsideration is DENIED to the extent it seeks reconsideration of dismissal without prejudice of claims against Defendants Harris County, Sheriff Ed Gonzalez, and Deputy Mark Cannon. As to the claims against Defendants Deputy Vanessa Esqueda and Sergeant Ana Ortiz, Alaniz is ORDERED to show cause by January 6, 2022, why the claims arent properly dismissed for lack of timely service. Ruling on the motion for reconsideration as to claims against Defendants Esqueda and Ortiz is RESERVED until after Alaniz has submitted his response to this order. (Signed by Judge Charles Eskridge) Parties notified.(JacquelineMata, 4) (Entered: 12/23/2022) |
| 01/09/2023 | 29 (p.316) | MOTION to Amend ( Motion Docket Date 1/30/2023.), MOTION for Leave to File Amended Complaint by Joe Anthony Alaniz, filed. (Attachments: # 1 (p.21) Exhibit Exhibit A-Amended Complaint)(Lewis, U.A.) (Entered: 01/09/2023) |
| 01/09/2023 | 30 (p.338) | CERTIFICATE of Conference re: 29 (p.316) MOTION to Amend MOTION for Leave to File Amended Complaint by Joe Anthony Alaniz, filed.(Lewis, U.A.) (Entered: 01/09/2023) |
| 01/13/2023 | 31 (p.339) | Joint RESPONSE in Opposition to 29 (p.316) MOTION to Amend MOTION for Leave to File Amended Complaint, filed by Deputy Mark Cannon, Harris County, Texas, Sheriff Ed Gonzalez. (Attachments: # 1 (p.21) Proposed Order denying plaintiff's motion for leave to file amended complaint)(Butt, James) (Entered: 01/13/2023) |
| 01/18/2023 | 32 (p.346) | REPLY to Response to 29 (p.316) MOTION to Amend MOTION for Leave to File Amended Complaint, filed by Joe Anthony Alaniz. (Lewis, U.A.) (Entered: 01/18/2023) |
| 01/23/2023 | 33 (p.355) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit by Joe Anthony Alaniz, filed.(Lewis, U.A.) (Entered: 01/23/2023) |
| 01/24/2023 | 34 (p.357) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District |

| | | |
|---|---|---|
| | | Court: 33 (p.355) Notice of Appeal. Fee status: Not Paid, filed. (Attachments: # 1 (p.21) Notice of Appeal) (EfrainGarcia, 1) (Entered: 01/24/2023) |
| 01/24/2023 | | Appeal Review Notes re: 33 (p.355) Notice of Appeal. Fee status: Not Paid. The appeal filing fee has not been paid, and the appellant is represented by counsel.No hearings were held in the case - no transcripts. Number of DKT-13 Forms expected: 1, filed.(EfrainGarcia, 1) (Entered: 01/24/2023) |
| 02/01/2023 | 35 (p.360) | ORDER re: All claims brought by Plaintiff Joe Anthony Alaniz against Defendants Deputy Vanessa Esqueda and Sergeant Ana Ortiz are DISMISSED WITHOUT PREJUDICE. Alaniz is ADMONISHED of the necessity for him to notify the Clerk of the Court of Appeals of this Courts intention to grant the motion, construed as a motion for relief from judgment, on any remand of this action for such purpose. Dkt 29. Deputy Vanessa Esqueda and Sgt. Ana Ortiz terminated.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 02/01/2023) |
| 02/02/2023 | 36 (p.363) | Plaintiff's Notice of Withdrawal and Dismissal of Notice of Appeal to US Court of Appeals for the Fifth Circuit by Joe Anthony Alaniz, filed.(Lewis, U.A.) Modified on 2/3/2023 (EfrainGarcia, 1). (Entered: 02/02/2023) |
| 02/13/2023 | 37 (p.365) | Order of USCA re: 33 (p.355) Notice of Appeal; USCA No. 23-20025. IT IS ORDERED that Appellant's unopposed motion to dismiss the appeal without prejudice is GRANTED, filed.(mperez, 1) (Entered: 02/13/2023) |
| 02/27/2023 | 38 (p.367) | ORDER re: Relief from judgment is now GRANTED for the reasons previously stated. See Dkt 35.Alaniz is ORDERED to meaningfully confer with the remaining Defendants in this matter in accord with Section 17(b) of this Court's procedures.Alaniz is further ORDERED to file an amended complaint after such conference by March 10, 2023.Defendants may thereafter move to dismiss the complaint, if desired, including if Alaniz fails to confer as to his amended complaint. Case reopened on 02/27/2023.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 02/27/2023) |
| 03/10/2023 | 39 (p.369) | Second AMENDED COMPLAINT with Jury Demand against Joe Anthony Alaniz filed by Joe Anthony Alaniz.(Lewis, U.A.) ***Appendix A WITHDRAWN per 72 (p.1239) Order***Modified on 9/29/2023 (JennelleGonzalez, 4). (Entered: 03/10/2023) |
| 03/14/2023 | 40 (p.402) | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 5/10/2023 at 10:30 AM in Courtroom 9F before Judge Charles Eskridge(Signed by Judge Charles Eskridge) Parties notified.(RachelWillborg, 4) (Entered: 03/14/2023) |

| 03/16/2023 | | (Court only) ***Motion(s) 36 (p.363) MOTION to Withdraw Dismissal is MOOT; it was granted at 37 (p.365) Order of USCA. (JacquelineMata, 4) (Entered: 03/16/2023) |
|---|---|---|
| 03/20/2023 | 41 (p.405) | Unopposed MOTION for Jennifer F. Callan to Withdraw as Attorney by Harris County, Texas, filed. Motion Docket Date 4/10/2023. (Attachments: # 1 (p.21) Proposed Order)(Callan, Jennifer) (Entered: 03/20/2023) |
| 03/20/2023 | 42 (p.409) | MOTION to Dismiss 39 (p.369) Amended Complaint/Counterclaim/Crossclaim etc. by Harris County, Texas, filed. Motion Docket Date 4/10/2023. (Attachments: # 1 (p.21) Exhibit 1 Probable Cause Orders and Judgments, # 2 (p.70) Exhibit 2 Probable Cause Orders and Judgments, # 3 (p.86) Exhibit 3 Probable Cause Orders and Judgments)(Butt, James) (Entered: 03/20/2023) |
| 03/20/2023 | 43 (p.739) | PROPOSED ORDER *granting Defendant Harris County's Motion to Dismiss Plaintiff's Second Amended Complaint* re: 42 (p.409) MOTION to Dismiss 39 (p.369) Amended Complaint/Counterclaim/Crossclaim etc. , filed.(Butt, James) (Entered: 03/20/2023) |
| 03/20/2023 | 44 (p.740) | MOTION to Dismiss 39 (p.369) Amended Complaint/Counterclaim/Crossclaim etc. by Sheriff Ed Gonzalez, filed. Motion Docket Date 4/10/2023. (Attachments: # 1 (p.21) Exhibit 1 Probable Cause Orders and Judgments, # 2 (p.70) Exhibit 2 Probable Cause Orders and Judgments, # 3 (p.86) Exhibit 3 Probable Cause Orders and Judgments, # 4 (p.104) Proposed Order granting Defendant Sheriff Gonzalez' Motion to Dismiss Plaintiff's Second Amended Complaint)(Butt, James) (Entered: 03/20/2023) |
| 03/22/2023 | 45 (p.1074) | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Second Amended Complaint* by Deputy Mark Cannon, filed. Motion Docket Date 4/12/2023. (Attachments: # 1 (p.21) Proposed Order)(Bradley, Suzanne) Modified on 4/15/2024 (jmg4). (Entered: 03/22/2023) |
| 03/22/2023 | 46 (p.1104) | SCHEDULING and DOCKET CONTRIL ORDER. Amended Pleadings due by 7/11/2023. Joinder of Parties due by 6/9/2023 Pltf Expert Report due by 1/9/2024. Deft Expert Report due by 2/8/2024. Discovery due by 3/26/2024. Mediation due by 6/11/2024. Dispositive Motion Filing due by 4/25/2024. Non-Dispositive Motion Filing due by 4/25/2024. Joint Pretrial Order due by 7/11/2024. Docket Call set for 8/20/2024 at 01:30 PM in Courtroom 9F before Judge Charles Eskridge(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 03/22/2023) |
| 03/24/2023 | 47 (p.1107) | ORDER granting 41 (p.405) Unopposed MOTION for Jennifer F. Callan to Withdraw as Attorney. Attorney |

| | | |
|---|---|---|
| | | Jennifer F Callan terminated.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 03/26/2023) |
| 04/10/2023 | 48 (p.1108) | RESPONSE in Opposition to 45 (p.1074) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Second Amended Complaint*, filed by Joe Anthony Alaniz. (Lewis, U.A.) (Entered: 04/11/2023) |
| 04/20/2023 | 49 (p.1135) | DOCKETED IN ERROR. MOTION TERMINATED. FOR CORRECTED ENTRY, SEE DOCUMDENT 51 (p.1145) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Second Amended Complaint* by Deputy Mark Cannon, filed. Motion Docket Date 5/11/2023. (Bradley, Suzanne) Modified on 4/20/2023 (TerriHanniable, 4). (Entered: 04/20/2023) |
| 04/20/2023 | 50 (p.1139) | REPLY in Support of 44 (p.740) MOTION to Dismiss 39 (p.369) Amended Complaint/Counterclaim/Crossclaim etc. , 42 (p.409) MOTION to Dismiss 39 (p.369) Amended Complaint/Counterclaim/Crossclaim etc. , filed by Harris County, Texas, Sheriff Ed Gonzalez. (Butt, James) (Entered: 04/20/2023) |
| 04/20/2023 | 51 (p.1145) | REPLY to Response to 45 (p.1074) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Second Amended Complaint*, filed by Deputy Mark Cannon. (Bradley, Suzanne) (Entered: 04/20/2023) |
| 04/26/2023 | 52 (p.1149) | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Harris County, Texas, Sheriff Ed Gonzalez, filed.(Butt, James) (Entered: 04/26/2023) |
| 05/10/2023 | 54 (p.1159) | MINUTE ENTRY ORDER: Minute entry for INITIAL CONFERENCE before Judge Charles Eskridge on May 10, 2023. Defendant Deputy Mark Cannon not appearing due to scheduling conflict. All other parties appeared represented by counsel. The Court addressed the scheduling and docket control order and the joint discovery/case management plan. Dkts 46 & 52. The Court addressed the motion by Defendant Harris County to dismiss. Dkt 42. The motion was GRANTED IN PART for reasons stated on the record. The motion was DENIED as to the Monell claims under Section 1983. The motion was GRANTED as to the ADA claim. That claim was DISMISSED WITH PREJUDICE. Alaniz confirmed that he withdrew any claims brought under Sections 1981, 1982, and 1985. Those claims were DISMISSED WITH PREJUDICE. As to Appendix A attached to his second amended complaint, Plaintiff Joe Anthony Alaniz was ADMONISHED to ensure that the representations made regarding those cases conform to Rule 11 given the responsive court orders Harris County attached to its motion. The Court addressed the motion by Defendant Sheriff Ed Gonzalez to dismiss. Dkt 44. The motion was GRANTED IN PART. The motion |

| | | |
|---|---|---|
| | | was DENIED as to claims against Gonzalez in his official capacity. The motion was GRANTED as to claims against Gonzalez in his individual capacity. Those claims were DISMISSED WITHOUT PREJUDICE. It was ORDERED that leave must be sought to replead these claims by June 9, 2023, or dismissal would be with prejudice. Any such repleading should be done by further supplement to the complaint rather than wholly rewriting that complaint. The Court addressed the motion by Deputy Mark Cannon to dismiss. Dkt 45. The absence of counsel for Cannon was noted. An inclination to deny the motion was expressed, with the potential to raise qualified immunity again at summary judgment being noted. Counsel for Harris County and Gonzalez was ORDERED to confer with Counsel for Cannon, who must then file a status report advising whether he wishes to have his arguments on qualified immunity fully addressed at this stage or instead wishes to withdraw his motion to dismiss and reserve his arguments on qualified immunity to later motion for summary judgment. Such status report MUST be filed by May 22, 2023. Argument on the motion by Cannon to dismiss will promptly be set if Cannon requests a ruling at this stage. The motion was otherwise TAKEN UNDER ADVISEMENT. Appearances: U.A. Lewis f/ Plaintiff; James Carroll Butt f/ Defendant. Ct Reporter: ERO. (Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 05/17/2023) |
| 05/10/2023 | | (Court only) ***Motion(s) terminated as moot: 42 (p.409) MOTION to Dismiss 39 (p.369) Amended Complaint/Counterclaim/Crossclaim etc. . (jengonzalez, 4) (Entered: 06/27/2023) |
| 05/12/2023 | 53 (p.1157) | AO 435 TRANSCRIPT REQUEST by James C. Butt for Transcript of Initial Conference Hearing on 05/10/2023 before Judge Eskridge. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Veritext Legal Solutions, filed. (Butt, James) Electronically forwarded to Trinity Transcription on 5/19/23. Estimated completion date: 5/26/2023. (RebeccaBecknal, 4). (Entered: 05/12/2023) |
| 05/17/2023 | 55 (p.1162) | NOTICE of Appearance by Gregory Burnett on behalf of Harris County, Texas, Sheriff Ed Gonzalez, filed. (Burnett, Gregory) (Entered: 05/17/2023) |
| 05/19/2023 | 56 (p.1164) | STATUS REPORT by Deputy Mark Cannon, filed. (Attachments: # 1 (p.21) Proposed Order)(Bradley, Suzanne) (Entered: 05/19/2023) |
| 05/22/2023 | 57 (p.1171) | NOTICE of Setting. Parties notified. Motion Hearing set for 6/6/2023 at 02:30 PM in Courtroom 9F before Judge Charles Eskridge, filed. (jengonzalez, 4) (Entered: 05/22/2023) |

| 05/24/2023 | 58 (p.3982) | TRANSCRIPT re: held on 05/10/2023 before Judge Charles Eskridge. Court Reporter/Transcriber Veritext Legal Solutions. Ordering Party Harris County Attorney's Office Release of Transcript Restriction set for 8/22/2023., filed. (VeritextLegalSolutions, ) (Entered: 05/24/2023) |
|---|---|---|
| 05/25/2023 | 59 (p.1172) | Notice of Filing of Official Transcript as to 58 (p.3982) Transcript,. Party notified, filed. (DarleneHansen, 4) (Entered: 05/25/2023) |
| 06/07/2023 | 60 (p.1173) | NOTICE *of Providing Video* by Deputy Mark Cannon, filed. (Bradley, Suzanne) (Entered: 06/07/2023) |
| 06/10/2023 | 61 (p.1175) | SUPPLEMENT by Joe Anthony Alaniz, filed.(Lewis, U.A.) (Entered: 06/10/2023) |
| 06/16/2023 | 62 (p.1188) | Opposed MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiff's Second Supplemented and Amended Complaint* by Sheriff Ed Gonzalez, filed. Motion Docket Date 7/7/2023. (Attachments: # 1 (p.21) Proposed Order)(Butt, James) Modified on 4/15/2024 (jmg4). (Entered: 06/16/2023) |
| 06/22/2023 | 63 (p.1200) | PLAINTIFFS OBJECTION TO VIDEO SUPPLEMENT TO PLEADINGS [DKT. 60] ORDERED BY THE COURT TO BE FILED INTO THE COURT RECORD AT JUNE 6, 2023 IN PERSON ORAL HEARING ON DEFENDANT CANNON'S MOTION TO DISMISS by Joe Anthony Alaniz, filed.(Lewis, U.A.) (Entered: 06/22/2023) |
| 06/22/2023 | 64 (p.1206) | AO 435 TRANSCRIPT REQUEST by Suzanne Bradley for Transcript of Motion hearing on 6/6/23 before Judge Eskridge. 3-Day turnaround requested. Court Reporter/Transcriber: Veritext Legal Solutions, filed. (Bradley, Suzanne) Electronically Forwarded to Veritext Legal Solutions on 06/22/2023. Estimated Date of Completion: 06/25/2023. Modified on 6/22/2023 (BenjaminRomero, 4). (Entered: 06/22/2023) |
| 06/22/2023 | 65 (p.1208) | AO 435 TRANSCRIPT REQUEST by UA Lewis for Transcript of Motion hearing on 6/6/23 before Judge Charles Eskridge. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Veritext Legal Solutions, filed. (Lewis, U.A.) Copy Request Electronically Forwarded to Veritext Legal Solutions on 06/22/2023. Estimated Date of Completion: 06/29/2023. Modified on 6/22/2023 (BenjaminRomero, 4). (Entered: 06/22/2023) |
| 06/26/2023 | 66 (p.4025) | TRANSCRIPT re: held on 06/06/2023 before Judge Charles Eskridge. Court Reporter/Transcriber Veritext Legal Solutions. Ordering Party Harris County Attorney's Office Release of Transcript Restriction set for 9/25/2023., filed. (VeritextLegalSolutions, ) (Entered: 06/26/2023) |
| 06/27/2023 | 67 (p.1210) | Notice of Filing of Official Transcript as to 66 (p.4025) Transcript,. Party notified, filed. (DarleneHansen, 4) |

| | | (Entered: 06/27/2023) |
|---|---|---|
| 06/28/2023 | 68 (p.1211) | Joint RESPONSE to 63 (p.1200) Document, , filed by Harris County, Texas. (Butt, James) (Entered: 06/28/2023) |
| 07/07/2023 | 69 (p.1215) | RESPONSE to 62 (p.1188) Opposed MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiff's Second Supplemented and Amended Complaint* filed by Joe Anthony Alaniz. (Lewis, U.A.) (Entered: 07/07/2023) |
| 07/14/2023 | 70 (p.1232) | REPLY in Support of 62 (p.1188) Opposed MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiff's Second Supplemented and Amended Complaint*, filed by Sheriff Ed Gonzalez. (Butt, James) (Entered: 07/14/2023) |
| 09/25/2023 | 71 (p.1236) | NOTICE *OF WITHDRAWAL OF APPENDIX A TO PLAINTIFFS SECOND AMENDED COMPLAINT DKT. 39* by Joe Anthony Alaniz, filed. (Attachments: # 1 (p.21) Proposed Order Proposed Order)(Lewis, U.A.) (Entered: 09/25/2023) |
| 09/28/2023 | 72 (p.1239) | ORDER OF WITHDRAWAL OF APPENDIX A TO PLAINTIFF'S SECOND AMENDED COMPLAINT DKT. 39 re: It is therefore ORDERED that Appendix A is withdrawn and shall not be considered by the Court. (Signed by Judge Charles Eskridge) Parties notified.(JennelleGonzalez, 4) (Entered: 09/29/2023) |
| 10/31/2023 | 73 (p.1240) | MINUTE ENTRY ORDER: Minute entry for MOTION HEARING before Judge Charles Eskridge on June 6, 2023. All parties represented by counsel. The Court addressed the motion by Defendant Deputy Mark Cannon to dismiss. Dkt 45. It was noted that Plaintiff Joe Anthony Alaniz pleaded that he provided the video he took of the incident to a Harris County deputy. Dkt 39 at 52. It was confirmed that this video is readily available. The parties also reported that at least two body-cam videos of the incident are available. It was noted that that body-cam videos werent invoked in the complaint in the same way as the video taken by Plaintiff. Cannon was ORDERED to submit the video taken by Plaintiff to the Court for consideration on the pending motion. The video may be submitted by filing an advisory with an active link to the video. Such filing MUST be made by June 9, 2023. Decision is RESERVED as to whether Cannon must provide the two body-cam videos to Alaniz for review. The Court doesnt have copies of them, and they will not be relied upon in the context of the pending motion. The motion was TAKEN UNDER ADVISEMENT. Appearances: U.A. Lewis, Suzanne Bradley, James Carroll Butt. Ct Reporter: ERO. (Signed by Judge Charles Eskridge) Parties notified.(JennelleGonzalez, 4) (Entered: 10/31/2023) |

| 02/01/2024 | 74 (p.1243) | Agreed MOTION for Extension of Time to modify the scheduling order and extend expert and other deadlines by Joe Anthony Alaniz, filed. Motion Docket Date 2/22/2024. (Attachments: # 1 (p.21) proposed order)(Lewis, U.A.) (Entered: 02/01/2024) |
|---|---|---|
| 02/07/2024 | 75 (p.1250) | AMENDED SCHEDULING ORDER. Pltf Expert Witness List due by 8/1/2024. Deft Expert Witness List due by 9/1/2024. Discovery due by 10/15/2024. Mediation due by 1/3/2025. Dispositive Motion Filing due by 11/15/2024. Non-Dispositive Motion Filing due by 11/15/2024. Initial Disclosures due by 2/4/2025. Docket Call set for 3/18/2025 at 01:30 PM in Courtroom 9F before Judge Charles Eskridge(Signed by Judge Charles Eskridge) Parties notified.(ShannonHolden, 4) (Entered: 02/07/2024) |
| 02/09/2024 | 76 (p.1253) | NOTICE *of Written Discovery* by Harris County, Texas, filed. (Butt, James) (Entered: 02/09/2024) |
| 02/09/2024 | 77 (p.1256) | NOTICE *of Service of Initial Disclosures* by Deputy Mark Cannon, filed. (Bradley, Suzanne) (Entered: 02/09/2024) |
| 02/22/2024 | 78 (p.1258) | NOTICE of Setting. Parties notified. Pre-Motion Conference set for 3/6/2024 at 03:30 PM in by video before Judge Charles Eskridge, filed. (JennelleGonzalez, 4) (Entered: 02/22/2024) |
| 03/05/2024 | 79 (p.1259) | ORDER re: On February 12, 2024, Defendant Harris County requested a pre-motion conference with respect to an intended Rule 26(c) motion for protective order. Such hearing was scheduled for March 6, 2024. Dkt 78. The pre-motion hearing is CANCELED. The hearing will be rescheduled following decision on the pending motions to dismiss by Defendants Harris County, Deputy Mark Cannon, and Sheriff Ed Gonzalez. Dkts 42, 45 & 62. Discovery in this action is STAYED.(Signed by Judge Charles Eskridge) Parties notified.(JennelleGonzalez, 4) (Entered: 03/05/2024) |
| 03/12/2024 | | (Court only) ***Motion(s) terminated as moot: 74 (p.1243) Agreed MOTION for Extension of Time to modify the scheduling order and extend expert and other deadlines. (JennelleGonzalez, 4) (Entered: 03/12/2024) |
| 03/31/2024 | 80 (p.1260) | OPINION AND ORDER ON MOTIONS TO DISMISS re: The motion by Plaintiff Joe Anthony Alaniz to disregard his videotape is GRANTED. Dkt 63. The request by Alaniz to supplement his second amended complaint is DENIED. Dkt 61. The motion by Defendant Sheriff Ed Gonzalez to dismiss the second amended complaint as to claims against him in his individual capacity is GRANTED. Dkt 62. Those claims are DISMISSED WITH PREJUDICE. See Dkt 54 at 2. The motion to dismiss by Defendant Deputy Mark Cannon is DENIED. Counsel to Alaniz is REMINDED of the requirements of Rule 11 of the Federal Rules of Civil |

|  |  |  |
|---|---|---|
|  |  | Procedure. Counsel is ADMONISHED that (i) there will harsh consequences, including the potential for sanctions, if the allegations of the second amended complaint are contrary in material respect to what is seen on the Alaniz videotape, once reviewed by the Court, and (ii) if any correction of the record is necessary, or if any pleading or assertion within a pleading should be withdrawn as insupportable in good faith in view of the video, such correction or retraction must be made by April 30, 2024.(Signed by Judge Charles Eskridge) Parties notified. (jmg4) Modified on 4/15/2024 (jmg4). (Entered: 04/01/2024) |
| 04/04/2024 | 81 (p.1277) | Unopposed MOTION for Leave to File Answer on behalf of Harris County by Harris County, Texas, filed. Motion Docket Date 4/25/2024. (Attachments: # 1 (p.21) Exhibit A - Answer, # 2 (p.70) Proposed Order) (Butt, James) (Entered: 04/04/2024) |
| 04/04/2024 | 82 (p.1295) | Opposed MOTION for Protective Order by Harris County, Texas, filed. Motion Docket Date 4/25/2024. (Attachments: # 1 (p.21) Exhibit 1, # 2 (p.70) Proposed Order) (Butt, James) (Entered: 04/04/2024) |
| 04/09/2024 | 83 (p.1309) | ORDER Granting 81 (p.1277) Unopposed Motion for Leave to File Answer. Harris County may file its Answer, Defenses, and Jury Demand. (Signed by Judge Charles Eskridge) Parties notified. (dm4) (Entered: 04/09/2024) |
| 04/09/2024 | 84 (p.1310) | ANSWER to 12 (p.152) Amended Complaint/Counterclaim/Crossclaim etc. with Jury Demand by Harris County, Texas, filed. (Butt, James) (Entered: 04/09/2024) |
| 04/11/2024 | 85 (p.1321) | ANSWER to 12 (p.152) Amended Complaint/Counterclaim/Crossclaim etc. with Jury Demand by Deputy Mark Cannon, filed. (Bradley, Suzanne) (Entered: 04/11/2024) |
| 04/25/2024 | 86 (p.1332) | RESPONSE in Opposition to 82 (p.1295) Opposed MOTION for Protective Order, filed by Joe Anthony Alaniz. (Attachments: # 1 (p.21) Proposed Order Proposed Order) (Lewis, U.A.) (Entered: 04/26/2024) |
| 04/29/2024 | 87 (p.1345) | REPLY in Support of 82 (p.1295) Opposed MOTION for Protective Order, filed by Harris County, Texas. (Butt, James) (Entered: 04/29/2024) |
| 04/30/2024 | 88 (p.1350) | ***STRICKEN PER 92 (p.1374) ORDER***NOTICE *TO THE COURT* by Joe Anthony Alaniz, filed. (Lewis, U.A.) Modified on 6/12/2024 (jmg4). (Entered: 04/30/2024) |
| 05/07/2024 | 89 (p.1352) | ***STRICKEN PER 92 (p.1374) ORDER*** Joint RESPONSE to 88 (p.1350) Notice (Other) , filed by Deputy Mark Cannon, Harris County, Texas. (Attachments: # 1 (p.21) Proposed Order) (Bradley, Suzanne) Modified on |

| | | |
|---|---|---|
| | | 6/12/2024 (jmg4). (Entered: 05/07/2024) |
| 05/10/2024 | 90 (p.1358) | CONFIENTIALITY AND PROTECTIVE ORDER granting 82 (p.1295) Opposed MOTION for Protective Order (Signed by Judge Charles Eskridge) Parties notified. (jmg4) (Entered: 05/10/2024) |
| 05/14/2024 | 91 (p.1364) | ***STRICKEN PER 92 (p.1374) *** REPLY *AND MOTION TO STRIKE THE UNSOLICITED RESPONSE TO THE NOTICE TO THE COURT*, filed by Joe Anthony Alaniz. (Attachments: # 1 (p.21) Exhibit A, # 2 (p.70) Proposed Order) (Lewis, U.A.) Modified on 6/12/2024 (jmg4). (Entered: 05/14/2024) |
| 06/12/2024 | 92 (p.1374) | ORDER Striking Document re: 88 (p.1350) Notice (Other) filed by Joe Anthony Alaniz, 91 (p.1364) Reply filed by Joe Anthony Alaniz, 89 (p.1352) Response filed by Deputy Mark Cannon, Harris County, Texas.(Signed by Judge Charles Eskridge) Parties notified. (jmg4) (Entered: 06/12/2024) |
| 07/17/2024 | 93 (p.1375) | MOTION to Deem the Requests for Admissions to Plaintiff Joe Anthony Alaniz Admitted by Deputy Mark Cannon, filed. Motion Docket Date 8/7/2024. (Attachments: # 1 (p.21) Exhibit 1 and 1A, # 2 (p.70) Exhibit 2, 2A, and 2B, # 3 (p.86) Proposed Order) (Bradley, Suzanne) (Entered: 07/17/2024) |
| 08/01/2024 | 94 (p.1407) | First DESIGNATION OF EXPERT WITNESS LIST by Joe Anthony Alaniz, filed. (Lewis, U.A.) (Entered: 08/01/2024) |
| 08/07/2024 | 95 (p.1424) | RESPONSE in Opposition to 93 (p.1375) MOTION to Deem the Requests for Admissions to Plaintiff Joe Anthony Alaniz Admitted, filed by Joe Anthony Alaniz. (Attachments: # 1 (p.21) Exhibit Ex A, # 2 (p.70) Proposed Order Proposed Order) (Lewis, U.A.) (Entered: 08/07/2024) |
| 08/30/2024 | 96 (p.1435) | DESIGNATION OF EXPERT WITNESS LIST by Deputy Mark Cannon, Harris County, Texas, filed. (Attachments: # 1 (p.21) Exhibit A) (Bradley, Suzanne) (Entered: 08/30/2024) |
| 11/15/2024 | 97 (p.1469) | Opposed MOTION for Summary Judgment by Harris County, Texas, filed. Motion Docket Date 12/6/2024. (Attachments: # 1 (p.21) Appendix, # 2 (p.70) Affidavit, # 3 (p.86) Affidavit Declaration I. Garcia, # 4 (p.104) Exhibit A, # 5 (p.107) Exhibit B, # 6 (p.110) Exhibit C, # 7 (p.112) Exhibit D, # 8 (p.114) Exhibit E, # 9 (p.143) Exhibit F, # 10 (p.146) Exhibit G, # 11 (p.149) Exhibit H, # 12 (p.152) Exhibit I, # 13 (p.181) Exhibit J part one, # 14 (p.183) Exhibit J part two, # 15 (p.190) Exhibit J part three) (Butt, James) (Entered: 11/15/2024) |
| 11/15/2024 | 98 (p.2886) | |

| | | |
|---|---|---|
| | | Opposed MOTION for Summary Judgment by Deputy Mark Cannon, filed. Motion Docket Date 12/6/2024. (Attachments: # 1 (p.21) Exhibit 1 Placeholder, # 2 (p.70) Exhibit 2 Placeholder, # 3 (p.86) Exhibit 3 Placeholder, # 4 (p.104) Exhibit 4, # 5 (p.107) Exhibit 5, # 6 (p.110) Exhibit 6, # 7 (p.112) Exhibit 7, # 8 (p.114) Exhibit 8, # 9 (p.143) Exhibit 9) (Bradley, Suzanne) (Entered: 11/15/2024) |
| 11/15/2024 | 99 (p.4168) | SEALED EXHIBITS *Exhibit 10* re: 98 (p.2886) Opposed MOTION for Summary Judgment by Deputy Mark Cannon, filed. (Bradley, Suzanne) (Entered: 11/15/2024) |
| 11/18/2024 | 100 (p.3051) | Supplemental EXHIBITS re: 97 (p.1469) Opposed MOTION for Summary Judgment by Harris County, Texas, filed. (dah4) (Entered: 11/20/2024) |
| 11/19/2024 | 101 (p.3053) | Supplemental EXHIBITS re: 98 (p.2886) Opposed MOTION for Summary Judgment by Deputy Mark Cannon, filed.On file in the Clerk's Office. (dah4) (Entered: 11/20/2024) |
| 12/09/2024 | 102 (p.4169) | SEALED EXHIBITS by Joe Anthony Alaniz, filed. (Lewis, U.A.) (Entered: 12/09/2024) |
| 12/09/2024 | 103 (p.4170) | SEALED EXHIBITS by Joe Anthony Alaniz, filed. (Attachments: # 1 (p.21) Exhibit) (Lewis, U.A.) (Entered: 12/09/2024) |
| 12/09/2024 | 104 (p.3056) | RESPONSE to 98 (p.2886) Opposed MOTION for Summary Judgment filed by Joe Anthony Alaniz. (Attachments: # 1 (p.21) Exhibit, # 2 (p.70) Exhibit, # 3 (p.86) Exhibit, # 4 (p.104) Exhibit, # 5 (p.107) Exhibit, # 6 (p.110) Exhibit, # 7 (p.112) Exhibit) (Lewis, U.A.) (Entered: 12/09/2024) |
| 12/09/2024 | 105 (p.3396) | Corrected RESPONSE to 98 (p.2886) Opposed MOTION for Summary Judgment , 97 (p.1469) Opposed MOTION for Summary Judgment filed by Joe Anthony Alaniz. (Attachments: # 1 (p.21) Exhibit Ex. H Dismissals) (Lewis, U.A.) (Entered: 12/09/2024) |
| 12/10/2024 | 106 (p.3553) | Unopposed MOTION for Extension of Time TO FILE PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MSJ DKT 97, 98 by Joe Anthony Alaniz, filed. Motion Docket Date 12/31/2024. (Attachments: # 1 (p.21) Proposed Order Proposed Order Granting Motion) (Lewis, U.A.) (Entered: 12/10/2024) |
| 12/12/2024 | 107 (p.3557) | REPLY to 105 (p.3396) Response to Motion *for Summary Judgment 97 (p.1469)* , filed by Harris County, Texas. (Butt, James) (Entered: 12/12/2024) |
| 12/19/2024 | 108 (p.3567) | REPLY to Response to 98 (p.2886) Opposed MOTION for Summary Judgment , filed by Deputy Mark Cannon. (Bradley, Suzanne) (Entered: 12/19/2024) |

| | | |
|---|---|---|
| 12/20/2024 | 109 (p.3576) | ORDER granting 106 (p.3553) Motion for Extension of Time.(Signed by Judge Charles Eskridge) Parties notified. (jmg4) (Entered: 12/23/2024) |
| 01/17/2025 | 110 (p.3577) | REPLY *Reply to response to objections to non-movants evidence.*, filed by Joe Anthony Alaniz. (Lewis, U.A.) (Entered: 01/17/2025) |
| 02/04/2025 | 111 (p.3587) | MOTION In Limine by Joe Anthony Alaniz, filed. Motion Docket Date 2/25/2025. (Lewis, U.A.) (Entered: 02/04/2025) |
| 02/07/2025 | 112 (p.3593) | Opposed MOTION to Stay *Suspend Pretrial and Trial Deadlines* by Harris County, Texas, Deputy Mark Cannon, filed. Motion Docket Date 2/28/2025. (Attachments: # 1 (p.21) Proposed Order) (Butt, James) (Entered: 02/07/2025) |
| 02/07/2025 | 113 (p.3599) | First Proposed Pretrial Order by Joe Anthony Alaniz (Lewis, U.A.) (Entered: 02/07/2025) |
| 02/19/2025 | 114 (p.3606) | ORDER denying 93 (p.1375) Motion to deem admissions.(Signed by Judge Charles Eskridge) Parties notified. (jmg4) (Entered: 02/19/2025) |
| 03/17/2025 | 115 (p.3608) | ORDER re: Pending are motions for summary judgment and to suspend pretrial and trial deadlines by Defendants Harris County and Sheriff Ed Gonzalez. Dkts 97, 98 & 112. Pending also is Plaintiff Joe Alanizs motion in limine. Dkt 111. The docket call set for March 18, 2025 in this matter is CANCELED. The remaining deadlines in the current scheduling order are ABATED. Dkt 75. Motion Hearing set for 4/16/2025 at 10:30 AM in Courtroom 9F before Judge Charles Eskridge. (Signed by Judge Charles Eskridge) Parties notified. (dm4) (Entered: 03/17/2025) |
| 03/17/2025 | | Docket Call set for 3/18/2025 at 01:30 PM in Courtroom 9F before Judge Charles Eskridge is terminated per Order 115 (p.3608) . (dm4) (Entered: 03/17/2025) |
| 04/07/2025 | 116 (p.3609) | Joint RESPONSE to 111 (p.3587) MOTION In Limine filed by Deputy Mark Cannon, Harris County, Texas. (Butt, James) (Entered: 04/07/2025) |
| 04/15/2025 | 117 (p.3615) | NOTICE of Resetting. Parties notified. Motion Hearing reset for 4/22/2025 at 02:30 PM in Courtroom 9F before Judge Charles Eskridge, filed. (jmg4) (Entered: 04/15/2025) |
| 04/21/2025 | | ***Reset Hearings: Motion Hearing set for 4/22/2025 at 01:30 PM in Courtroom 9F before Judge Charles Eskridge. Hearing reset as to TIME ONLY. (jmg4) (Entered: 04/21/2025) |
| 04/22/2025 | 121 (p.3619) | Minute entry for MOTION HEARING before Judge Charles Eskridge on April 22, 2025. Both parties present and represented by counsel.The Court addressed a pending |

| | | |
|---|---|---|
| | | motion in limine by Plaintiff Joe Anthony Alaniz. Dkt 111.The motion was DENIED WITHOUT PREJUDICE to reassertion with pretrial filings at a later date.The Court addressed a pending motion to stay pretrial and trial deadlines. Dkt 112.The motion was GRANTED in light of the need to issue decision on the pending motions for summary judgment. The Court addressed two motions by Defendants for summary judgment. Dkts 97 & 98. Argument heard. The motions were taken under advisement. Plaintiff STIPULATED to withdrawal of his claim under §1983 to the extent asserted as proceeding under the First Amendment. See Dkt 39 at 10-11. Defendants offered responses by Plaintiff to proffered requests for admissions. These were accepted and will be docketed separately as part of the briefing record on summary judgment. The parties should continue to confer in good faith as to discovery and settlement. Appearances: U.A. A Lewis, Suzanne Bradley.(ERO: used), filed. (jmg4) (Entered: 05/09/2025) |
| 04/22/2025 | 122 (p.3621) | PLAINTIFF'S RESPONSE TO DEPUTY CANNON'S ADMISSIONS by Joe Anthony Alaniz, filed. (jmg4) (Entered: 05/12/2025) |
| 04/23/2025 | 118 (p.3616) | AO 435 TRANSCRIPT REQUEST by Defendant Lindsay/James Butt for Transcript of Motion Hearing on 4/22/25 before Judge Eskridge. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Veritext Legal Solutions, filed. (Butt, James) Electronically forwarded to Veritext Legal Solutions on 4/24/2025. Estimated completion date: 5/1/2025. Modified on 4/24/2025 (jlm4). (Entered: 04/23/2025) |
| 05/01/2025 | 119 (p.4091) | TRANSCRIPT re: motion hearing held on 4/22/25 before Judge Charles Eskridge. Court Reporter/Transcriber Veritext. Ordering Party James C Butt Release of Transcript Restriction set for 7/30/2025., filed. (VeritextLegalSolutions, ) (Entered: 05/01/2025) |
| 05/01/2025 | 120 (p.3618) | Notice of Filing of Official Transcript re: 119 (p.4091) Transcript. Parties notified, filed. (SDTX_CMECF_AutoDocket, ) (Entered: 05/01/2025) |
| 05/12/2025 | 123 (p.3624) | MOTION to Strike *Motion to Strike filing Dkt 122 or in the alternative, correct the docket entry to reflect the correct filer regarding Dkt 122.* by Joe Anthony Alaniz, filed. Motion Docket Date 6/2/2025. (Attachments: # 1 (p.21) Proposed Order Proposed Order) (Lewis, U.A.) (Entered: 05/12/2025) |
| 08/01/2025 | 124 (p.3627) | NOTICE of attorney substitution by Deputy Mark Cannon. Attorney Joshua Green added. Attorney Suzanne Bradley terminated, filed. (Green, Joshua) (Entered: 08/01/2025) |
| 08/01/2025 | 125 (p.3630) | |

| | | NOTICE of Appearance by Frank Ford on behalf of Deputy Mark Cannon, filed. (Ford, Francis) (Entered: 08/01/2025) |
|---|---|---|
| 09/30/2025 | 126 (p.3633) | ORDER re: Pending are parallel motions for summary judgment by Defendants Harris County and Mark Cannon. Dkts 97 & 98. For administrative purposes, the motion for summary judgment by Cannon is TERMINATED from separate consideration. Dkt 98. It will be addressed with ruling as to the motion by Harris County, which remains under advisement with order to follow in due course. (Signed by Judge Charles Eskridge) Parties notified. (jmg4) (Entered: 09/30/2025) |
| 12/01/2025 | 127 (p.3634) | OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT RE: The motion by Defendant Harris County for summary judgment is GRANTED. Dkt 97. The claims against it are DISMISSED WITH PREJUDICE. The motion by Defendant Deputy Mark Cannon for summary judgment is GRANTED IN PART and DENIED IN PART. Dkt 98. It is GRANTED as to the claim for false arrest, which is DISMISSED WITH PREJUDICE. It is DENIED as to the claim for excessive force. (Signed by Judge Charles Eskridge) Parties notified. (jmg4) (Entered: 12/01/2025) |
| 12/05/2025 | 128 (p.3654) | ORDER re: The motion by Plaintiff to strike is GRANTED. Dkt 123. Defendants are ORDERED to file on the docket a complete copy of Plaintiffs response to Deputy Cannon's admissions. (Signed by Judge Charles Eskridge) Parties notified. (jmg4) (Entered: 12/10/2025) |
| 12/10/2025 | 129 (p.3655) | Plaintiff's Response to Deputy Cannon's Admissions *filed pursuant to Order Document No.128* by Deputy Mark Cannon, filed. (Green, Joshua) (Entered: 12/10/2025) |
| 12/10/2025 | 130 (p.3660) | RESPONSE to 128 (p.3654) Order *re Plaintiff's response to request for admissions*, filed by Harris County, Texas. (Attachments: # 1 (p.21) Exhibit A) (Butt, James) (Entered: 12/10/2025) |
| 12/11/2025 | 131 (p.3668) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 127 (p.3634) Memorandum and Opinion, by Deputy Mark Cannon (Filing fee $ 605, receipt number ATXSDC-34676786), filed. (Green, Joshua) (Entered: 12/11/2025) |
| 12/12/2025 | 132 (p.3671) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 131 (p.3668) Notice of Appeal. Fee status: Paid. Reporter(s): ERO, filed. (dlr1) (Entered: 12/12/2025) |
| 12/12/2025 | | Appeal Review Notes re: 131 (p.3668) Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the |

| | | |
|---|---|---|
| | | filing of the notice of appeal.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 1, filed. (dlr1) (Entered: 12/12/2025) |
| 12/15/2025 | 133 (p.3672) | MOTION for Reconsideration by Joe Anthony Alaniz, filed. Motion Docket Date 1/5/2026. (Attachments: # 1 (p.21) Exhibit Ex. A Narrow Class of Harris County Officer Initiated Arrest Dismissals, # 2 (p.70) Exhibit Ex. A continued-Narrow Class of Harris County Officer Initiated Arrest Dismissals) (Lewis, U.A.) (Entered: 12/15/2025) |
| 12/22/2025 | 134 (p.3957) | DKT13 TRANSCRIPT ORDER REQUEST by Joshua Green. Transcript is already on file in Clerks office regarding Motion Hearing on 4/22/2025 before Judge Eskridge. (No transcript is needed). Court Reporter/Transcriber: Veritext Legal Solutions. This order form relates to the following: 119 (p.4091) Transcript, 121 (p.3619) Motion Hearing,,,, 131 (p.3668) Notice of Appeal, filed. (Green, Joshua) (Entered: 12/22/2025) |
| 12/22/2025 | 135 (p.3958) | RESPONSE in Opposition to 133 (p.3672) MOTION for Reconsideration, filed by Harris County, Texas. (Attachments: # 1 (p.21) Proposed Order) (Butt, James) (Entered: 12/22/2025) |
| 01/05/2026 | 136 (p.3971) | RESPONSE in Opposition to 133 (p.3672) MOTION for Reconsideration, filed by Deputy Mark Cannon. (Green, Joshua) (Entered: 01/05/2026) |
| 01/13/2026 | | Notice of Assignment of USCA No. 25-20568 re: 131 (p.3668) Notice of Appeal, filed. (jrl1) (Entered: 01/13/2026) |
| 01/15/2026 | | (Court only) Set/Cleared Flags. APPEAL_NAT flag cleared. (jrl1) (Entered: 01/15/2026) |
| 01/15/2026 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the Fifth Circuit, due on 1/28/2026 (25-20568), filed. (jrl1) (Entered: 01/15/2026) |

**TAB 2**

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOE ANTHONY ALANIZ, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-01991 |
| | § | |
| | § | |
| vs | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| HARRIS COUNTY, *et al*, | § | |
| Defendants. | § | |

**OPINION AND ORDER**
**ON MOTIONS FOR SUMMARY JUDGMENT**

This action arises from the arrest of Plaintiff Joe Anthony Alaniz during a protest of the death of George Floyd. He alleges that Defendants Harris County and Mark Cannon, a deputy with the Harris County Sheriff's office, violated his civil rights when arresting him.

The motion by Harris County for summary judgment is granted. Dkt 97. The motion by Cannon for summary judgment is granted in part and denied in part. Dkt 98.

1. Background

Alaniz has or had a brain tumor, making him prone to seizures. Dkt 104-1 at 3 (Alaniz declaration). He thus wears an emergency medical alert disability bracelet on each wrist and often rides his bicycle for therapeutic purposes. Dkt 104-1 at 3–5.

On May 29, 2020, Alaniz was riding his bicycle in the downtown area of Houston when he came across a crowd gathered to protest the recent death of George Floyd. Dkt 97-4 at 1–2 (internal affairs report). Alaniz stopped and began filming the incident on his cell phone, streaming it to Facebook Live. See Dkt 104-5 (cell phone video). Numerous law enforcement officers, including Cannon,

had been deployed to keep protestors off the nearby highway and maintain order. See Dkt 98-6 at 6–7 (Oritz deposition).

Additional video footage from the bodycam of Sergeant Ana Ortiz shows a contentious encounter between police and protestors. Dkt 104-6; see also Dkt 104-3 (Cannon bodycam. Multiple protesters were taken to the ground and arrested as officers tried to control the crowd. See Dkt 104-6 at 19:57–20:02.

Alaniz asserts that he wasn't participating in the protest. See Dkt 104-1 at 3 (Alaniz declaration). Video instead shows him standing with his bicycle behind officers filming on his phone. Dkt 104-6 at 20:02:00–10. Ortiz approached him and told him to move because he was standing behind officers. Id at 20:03:27–41. Alaniz walked his bike across the street as he continued to film. Id at 20:03:41–20:04:11.

About seven minutes later, Ortiz ordered Alaniz to move with the protesters being cleared from the area. Id at 20:11:15–32. The following then occurred:

- o Cannon approached and said, "Do you want to move your bike or do you want to go with me?" Id at 20:11:32–40.

- o Cannon pointed, directing Alaniz to walk across the nearby field. Ibid.

- o Alaniz walked into the field with his bike. But he stopped after several steps and continued filming. Id at 20:11:40–51.

- o Officers told him to keep moving. Ibid.

- o Alaniz responded, "Relax, I'm not doing anything." Id at 20:12:10–15. Ortiz told Alaniz to move forward multiple times. Id at 20:12:19–35.

- o Cannon then ordered Alaniz to "get on [his] bike and drive." Id at 20:12:35–37.

- o Alaniz began walking with his bike while continuing to film. Id at 20:12:35–40.

2

- Cannon began to count down from five seconds. Ibid. Alaniz said, "Hold on," and, "I'm moving." Dkt 104-5 at 1:22–30.
- Cannon attempted to handcuff Alaniz and took him to the ground. Ibid.
- Multiple officers then assisted placing Alaniz in handcuffs. Dkt 104-3 at 20:12:41–20:13:15.

Alaniz was then transported to the Harris County Joint Processing Center. Id at 20:16:40–20:17:10. A bicycle, wallet, and other property belonging to Alaniz were left at the scene. Dkt 104-1 at 5. No arrest report was generated, and he was never arraigned. Upon release, Alaniz went to the hospital and was diagnosed with a "right acromioclavicular [shoulder] separation." Dkt 103 at 112 (medical records).

Alaniz filed a complaint with the Internal Affairs Disciplinary Committee of the Harris County Sheriff's Office in June 2020. The Disciplinary Committee investigated the incident. It partially sustained Alaniz's complaint against Cannon, who was reprimanded for leaving Alaniz's property at the scene. Dkt 104-4 at 18–19 (letter of reprimand).

Alaniz filed his original complaint in state court in May 2022. He alleged claims under §1983 against Cannon and Ortiz, along with Sheriff Ed Gonzalez and Deputy Vanessa Esqueda, for false arrest, excessive force, and failure to protect from excessive force. Dkt 1-1 at ¶¶61–65. He also asserted similar claims against Harris County, including claims under the Americans with Disabilities Act. Id at ¶¶66–71.

Defendants removed. Dkt 1. Cannon moved to dismiss. Dkt 8. Alaniz amended his complaint. Dkt 12.

Defendants then moved to dismiss all claims against them. Dkts 15 (Harris County), 16 (Gonzalez) & 19 (Cannon). Alaniz filed no opposition. The motions were thus granted, and the first amended complaint was dismissed without prejudice. Dkt 23.

25-20568.3636

Alaniz filed a motion for reconsideration and a motion to amend. Dkts 25 & 29. The motion to amend was granted, but the claims against Esqueda and Ortiz were later dismissed again for failure to serve them. Dkts 28 & 35.

Alaniz then filed a second amended complaint. Dkt 39. Defendants again moved to dismiss all claims. Dkts 42 (Harris County), 44 (Gonzalez) & 45 (Cannon). Alaniz requested that video footage of the incident not be considered in resolving the motions to dismiss. Dkt 63 (objection by Plaintiff to video supplement to pleadings). It wasn't. The motion to dismiss by Harris County was denied as to the *Monell* claims under §1983 but granted as to claims under the ADA and §§1981, 1982 and 1985, which were dismissed with prejudice. Dkt 54 (minute entry). The motion to dismiss by Cannon was denied. Dkt 80 (order). All claims against Gonzalez were dismissed—the official capacity claims with prejudice, and the individual capacity claims without prejudice. See Dkts 54 & 80 at 14–15. And during a motion hearing in April 2025, Alaniz stipulated to the withdrawal of his claim under §1983 to the extent proceeding under the First Amendment. Dkt 121 (minute entry).

Now pending are motions for summary judgment by Cannon and Harris County. Dkts 97 & 98.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

4

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2020). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

### 3.   Motion for summary judgment by Cannon

Alaniz asserts two claims under §1983 against Cannon in his individual capacity for excessive force and false arrest. Dkt 39 at ¶77. Cannon seeks summary judgment on his affirmative defense of qualified immunity. Dkt 98.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v Callahan*, 555 US 223, 231 (2009), quoting *Harlow v Fitzgerald*, 457 US 800, 818 (1982). The availability of qualified immunity ultimately "turns only upon the objective reasonableness of the defendant's acts." *Thompson v Upshur County*, 245 F3d 447, 457 (5th Cir 2001) (emphasis in original).

5

"A qualified immunity defense alters the typical summary judgment burden of proof in that once the defense is pleaded by an official, the burden shifts to the plaintiff to rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established federal law." *Hunt v Pierson*, 730 F Appx 210, 215–16 (5th Cir 2018), citing *Brown v Callahan*, 623 F3d 259, 253 (5th Cir 2010). The plaintiff bears the burden of negating qualified immunity, but all inferences are drawn in his favor. *Brown*, 623 F3d at 253. Even so, "a plaintiff's version of the facts should not be accepted for purposes of qualified immunity when it is blatantly contradicted and utterly discredited by video recordings." *Hanks v Rogers*, 853 F3d 738, 744 (5th Cir 2017) (internal quotations and citation omitted).

### a. Excessive force

#### i. Violation of a constitutional right

"A violation of the Fourth Amendment 'occurs when a seized person suffers an injury that results directly and only from a clearly excessive and objectively unreasonable use of force.'" *Spiller v Harris County*, 113 F4th 573, 576 (5th Cir 2024), quoting *Joseph ex rel Joseph v Bartlett*, 981 F3d 319, 332 (5th Cir 2020). "Determining whether force was excessive or unreasonable is a 'necessarily fact-intensive' and case-specific inquiry." *Spiller*, 113 F4th at 576 (internal quotations and citation omitted).

The parties don't dispute that Alaniz was injured due to a use of force. At issue is whether that force was clearly excessive, with the excessiveness itself being objectively unreasonable. Whether force is reasonable depends on the *Graham* factors, being (i) the severity of the crime at issue, (ii) whether the suspect poses an immediate threat to the safety of the officers or others, and (iii) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Hanks*, 853 F3d at 745, quoting *Graham v Connor*, 490 US 386, 396 (1989). Whether the force deployed was justified is viewed from "the perspective of a reasonable officer on the scene," taking account of the "individual

6

interests and the governmental interests at stake." *Barnes v Felix*, 605 US 73, 79 (2025) (citations omitted).

Applying the *Graham* factors and viewing the evidence in the light most favorable to Alaniz, the record contains disputed issues of material fact as to the reasonableness of Cannon's force. Summary judgment is thus inappropriate.

*As to severity*, the alleged crime was "not severe." See Dkt 98 at 20 (Cannon motion). Indeed, it's unclear whether any crime was committed at all. In any event, resisting arrest and/or disobeying a reasonable order to move are misdemeanors. See Tex Penal Code §38.03; Tex Penal Code §42.03. And misdemeanors don't typically support the use of force. See *Trammell v Fruge*, 868 F3d 332, 340 (5th Cir 2017). This factor weighs in favor of Alaniz's argument that the use of force by Cannon against him was unreasonable.

*As to dangerousness*, the parties dispute whether Alaniz posed an immediate threat to the safety of himself or others. When considering reasonableness, courts must account for the fact that police officers make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving. *Graham*, 490 US at 396–97. Courts are thus to "consider the totality of the circumstances as perceived by a reasonable officer on the scene." *Hatcher v Bement*, 676 F Appx 238, 243 (5th Cir 2017) (internal quotation omitted).

Cannon emphasizes the tense and chaotic evening in question. Alaniz admits that he remembered people yelling at police and multiple protestors being taken to the ground. Dkt 98-5 at 16, 21 (Alaniz deposition). Ortiz testified that she was concerned about the safety of motorists, protestors, and law enforcement that day. Dkt 98-6 at 7 (Ortiz deposition). Protestors had also been "aggressive" and "throwing stuff" at officers, thus heightening safety concerns in general. Id at 12.

Even so, the videos at the time of arrest show that Alaniz was standing in an open field, filming with his cell phone, and walking his bike in the direction he'd been ordered to move. See Dkts 104-5 & 104-6. He wasn't

7

immediately adjacent to the street. And he neither verbally nor physically threatened the officers. Viewing the evidence in the light most favorable to Alaniz, it's not clear that a reasonable officer would have perceived immediate danger warranting force.

*As to resistance*, fact issues also remain regarding both Alaniz's resistance and the proportionality of Cannon's response. Officers may "consider a suspect's refusal to comply with instructions during a traffic stop in assessing whether physical force is needed to effectuate the suspect's compliance." *Deville v Marcantel*, 567 F3d 156, 167 (5th Cir 2009). However, "officers must assess not only the need for force, but also 'the relationship between the need and the amount of force used.'" Ibid.

The parties dispute the extent to which Alaniz complied with Cannon's order. The videos show that Cannon ordered Alaniz to "get on your bike and drive." Dkt 104-6 at 20:12:35–37. Alaniz did begin *walking* in the direction Cannon ordered him to go. In Alaniz's view, this meant he was complying with Cannon's order. Dkts 105 at 36 & 104-4 at 3. But Cannon argues that he arrested Alaniz not because he wasn't moving at all, but because Alaniz didn't get on his bike. Dkt 104-2 at 127 (Cannon deposition). Given the uneven nature of the rocky field and what was going on around them, it's unclear whether riding the bicycle was even possible. Material fact issues thus remain in this regard.

Most significantly, the parties dispute whether (and if so, to what extent) Alaniz resisted Cannon's attempt to detain and cuff him. Alaniz admits that he "pulled away from Deputy Cannon" during the attempted cuffing. Dkt 95-1 at 4. But Alaniz maintains that even if he did pull his arm away, it constituted passive resistance at most. Dkt 105 at 34. Use of force isn't justified where an individual's conduct amounts to mere passive resistance. See *Hanks*, 853 F3d at 746 (determining plaintiff's initial refusals to follow instructions were "at most, passive resistance" and didn't justify use of force). Indeed, in *Goodson v City of Corpus Christi*, 202 F3d 730, 740 (5th Cir

8

2000), the Fifth Circuit held that fact issues precluded summary judgment where the plaintiff pulled his arm away from arresting officers and was then tackled to the ground.

But even if Alaniz did pull his arm away from Cannon in a way justifying *some* use of force, a fact question remains regarding the reasonableness of the speed in which Cannon resorted to taking Alaniz all the way to the ground. *Trammell*, 868 F3d at 342 (finding "the quickness with which the officers resorted to tackling" plaintiff to weigh "against a finding of reasonableness").

Taken in the light most favorable to Alaniz, a reasonable jury could conclude that Cannon's use of force was excessive and objectively unreasonable under the circumstances.

### ii. Clear establishment of that right

In a prior excessive-force case, the Fifth Circuit has said that the second prong of the qualified immunity analysis is better understood as encompassing "two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in light of that then clearly established law." *Tarver v City of Edna*, 410 F3d 745, 750 (5th Cir 2005). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." Ibid. Said another way, an officer "cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v Rickard*, 572 US 765, 778–79 (2014).

The same factual disputes prevent finding—at least at the summary-judgment stage—that Cannon's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. For example, in *Trammell v Fruge*, the plaintiff's "only physical

9

resistance to being tackled was his attempt to pull his arm away." 868 F3d at 341. The plaintiff was "neither aggressive nor violent toward officers" and was suspected of "only a minor offense." Id at 342. Because a reasonable jury could conclude the officers' force was excessive, summary judgment based on qualified immunity was inappropriate. Ibid. Likewise instructive is *Goodson v City of Corpus Christi*, 202 F3d at 730. Police there ordered the plaintiff to put his hands on the police car. Id at 734. An officer then grabbed the plaintiff's arm, prompting the plaintiff to pull his arm away, with officers then tackling him to the ground. Ibid. The Fifth Circuit held on summary judgment that a fact question remained as to the reasonableness of force under the circumstances. Id at 740.

*Trammell* and *Goodson* are both fair warning that such conduct may be unconstitutional. For the crime at issue here wasn't severe—if existent at all—and no threat of violence or aggression was apparent from Alaniz. His physical resistance amounted at most to pulling his arm away. Yet Cannon responded by taking him quickly and forcefully to the ground, injuring Alaniz's shoulder. To be clear, a jury may yet find that Cannon's use of force was reasonable. But it can't be found reasonable as a matter of law, given the disputed issues of material fact.

As such, Cannon isn't entitled to qualified immunity on the claim for excessive force. Summary judgment will thus be denied in that respect.

### b.  False arrest

Alaniz claims that Cannon also violated his Fourth Amendment right to be free from false arrest. Cannon argues that he had probable cause to detain Alaniz and is thus entitled to qualified immunity. Dkt 98 at 14.

To assert a valid claim under §1983 for false arrest, Alaniz must show that Cannon "did not have probable cause to arrest him." *Anokwuru v City of Houston*, 990 F3d 956, 963 (5th Cir 2021), quoting *Haggerty v Texas Southern University*, 391 F3d 653, 655 (5th Cir 2004) (citation omitted). "[T]he existence of probable cause for any offense,

10

including one not charged, is sufficient to defeat a §1983 false arrest claim." *Shemwell v Cannon*, 352 F Supp 3d 690, 701 (ND Tex 2019), citing *Devenpeck v Alford*, 543 US 146, 153–54 (2004). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Haggerty*, 391 F3d at 655–56 (quotation omitted).

Pertinent here, Cannon is entitled to qualified immunity if "a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which [he] was aware, there was a fair probability that [the suspect] had committed or was committing an offense." Id at 656, citing *Glenn v City of Tyler*, 242 F3d 307, 313 (5th Cir 2001). The Fifth Circuit in *Club Retro LLC v Hilton* explained the clearly-established prong in this regard this way:

> The Fourth Amendment right to be free from false arrest—arrest without probable cause—was clearly established at the time of [plaintiffs'] arrests. Nonetheless, "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." Thus, plaintiffs must allege facts permitting an inference that defendants lacked arguable (that is, reasonable but mistaken) probable cause for the arrests.

568 F3d 181, 206–07 (5th Cir 2009) (citations omitted).

Cannon argues that he had probable cause that Alaniz was committing the offense of resisting arrest. Dkt 98 at 28. Texas Penal Code §38.03 defines the crime of *resisting arrest* and provides in part:

> (a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence

11

and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

(b) It is no defense to prosecution under this section that the arrest or search was unlawful.

In Texas, the act of resisting can supply probable cause for the arrest itself. *Ramirez v Martinez*, 716 F3d 369, 376 (5th Cir 2013). And the "great weight of Texas authority indicates that pulling out of an officer's grasp is sufficient to constitute resisting arrest." Ibid (collecting cases). In *Ramirez*, the plaintiff admitted that he "pulled his arm out of [the officer's] grasp" during the attempted arrest. Id at 377. And so, because the officer could reasonably conclude that a plaintiff committed the offense of resisting arrest by pulling his arm away, he was entitled to qualified immunity. Ibid.

The same is true here. Alaniz argues that Cannon lacked any probable cause for his arrest. Dkt 105 at 41. But Alaniz admits that he "pulled away from Deputy Cannon as he tried to cuff [Alaniz]." Dkt 95-1 at 4. Per *Ramirez*, this act of pulling away from Cannon during arrest, however minor, is enough for him to reasonably believe probable cause existed.

Cannon also argues that he had probable cause that Alaniz was disobeying a reasonable order to move. Dkt 98 at 28. Given the finding that Cannon had at least arguable probable cause as to resisting arrest, whether it also existed for disobeying a reasonable order to move needn't be analyzed.

Cannon is entitled to qualified immunity on the claim for false arrest. Summary judgment will thus be granted in that respect.

4. Motion for summary judgment by Harris County

Alaniz asserts §1983 liability against Harris County for failure to discipline, failure to train, and ratification of

12

Cannon's conduct. Dkt 39 at ¶¶78, 87–120. Harris County seeks summary judgment as to all claims. Dkt 97.

For a municipality to be liable under §1983, there must be an underlying constitutional violation. See *Pineda v City of Houston*, 291 F3d 325, 328 (5th Cir 2002). Almost all of the arguments by Alaniz against Harris County focus on false arrest. It has been determined above that there is no constitutional violation as to false arrest. Related claims against Harris County must therefore be dismissed on that basis. Even so, all of Alaniz's claims against Harris County will be addressed briefly.

Municipal liability under §1983 doesn't extend merely on a *respondeat superior* basis. *Monell v Department of Social Services*, 436 US 658, 691 (1978). The plaintiff must show "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda*, 291 F3d at 328. "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Doe v Edgewood Independent School District*, 964 F3d 351, 364–65 (5th Cir 2020) (emphasis in original), quoting *Pembaur v Cincinnati*, 475 US 469, 479 (1986).

### a.   Unconstitutional policy or practice

Alaniz maintains that Harris County is liable for unconstitutional policies by failing to discipline officers for arrests made without probable cause, and by "permitting and encouraging" excessive force. Dkt 105 at 22, 47–48. Such contention is untenable because Alaniz fails to establish an official policy or custom, causation, or demonstrate knowledge by the policymaker.

*As to an official policy,* a plaintiff may plead one of two types of policies. One is "a policy statement formally announced by an official policymaker." *Zarnow v City of Wichita Falls*, 614 F3d 161, 168 (5th Cir 2010). The other

13

is "a practice so persistent and widespread as to practically have the force of law." *Ratliff v Aransas County*, 948 F3d 281, 285 (5th Cir 2020) (quotation marks and citation omitted).

Alaniz nowhere links his claim to an official written policy. In fact, Harris County highlights that it had appropriate written policies regarding use of force and arrest procedures in place. See Dkt 97-11 (Harris County Sheriff's Office Department Policies). And to establish an official custom, one act alone is not enough; there must be a "persistent and widespread practice." *Pineda*, 291 F3d at 329. When considering whether a series of incidents amounts to an official pattern or custom, the "size of a police department may [also] be relevant." *Peterson v City of Fort Worth, Texas*, 588 F3d 838, 851 (5th Cir 2009).

In *Peterson*, the Fifth Circuit rejected the plaintiff's theory because it lacked factual development. Ibid. Specifically, the court held twenty-seven complaints over four years insufficient to establish an official custom of excessive force because the plaintiff failed to provide evidence as to the size of the police department or the number of total arrests made in the relevant period. Id at 851–52; see also *Pineda*, 291 F3d at 329: "Eleven incidents each ultimately offering equivocal evidence of compliance with the Fourth Amendment cannot support a pattern of illegality in one of the Nation's largest cities and police forces."

Regarding false arrest, Alaniz argues that Harris County has a policy to review all arrests and yet has never taken disciplinary action against an officer for arresting without probable cause. Dkt 105 at 47–48. That failure to discipline, he says, is the "moving force" behind his injury. Id at 48. He relies on Exhibit H to show "dozens" of examples of individuals arrested without probable cause. Dkts 105 at 47 & 105-1 (exhibit H). And he says that there's "not a single instance" of Harris County "disciplining, training, or retraining its officers" for false arrest. Dkt 105 at 26. In his view, this failure to discipline amounts to an official, unconstitutional policy.

14

Harris County objects to the admission of Exhibit H on hearsay grounds. Dkt 107 at 2; see Dkt 105-1 (Exhibit H). But counsel for Plaintiff provided a declaration attesting that the records were derived from the Harris County Clerk's office website, establishing authenticity. Dkt 105-1 at 4–5. And, though hearsay, these records appear to fall within the public-records exception of Federal Rule of Evidence 803(8). Exhibit H is thus likely admissible.

Even so, Alaniz hasn't provided necessary context for Exhibit H to demonstrate that arrests without probable cause amount to an official custom. He provides neither evidence of the total number of arrests between 2018 and 2020, nor the size of the police department. Without such evidence, and as a matter of law, the unexplained "dozens" of cases he cites cannot amount to an official policy. In addition, to show that there is not a single instance of Harris County disciplining its officers after false arrest, he cites only to Harris County's own written policies, which include proper arrest procedures. Dkt 105 at 26. This isn't enough to raise a genuine issue of fact as to whether failure to discipline its officers for false arrest is attributable to Harris County as an official custom.

Regarding excessive force, Alaniz makes the bare allegation in his "undisputed facts" section that "[Harris County] has a practice, custom, culture, procedure, and training of permitting and encouraging excessive force against suspects, inmates, and persons in their custody." Dkt 105 at 22. In support, he again cites to Exhibit H, which includes only purported arrests without probable cause. It's thus irrelevant to the excessive force accusations. He also cites to Harris County's written policies at Exhibit I, which state, "In every situation, the use of force will be avoided if reasonably possible." See Dkt 104-7 at 36. But Alaniz provides no evidence of a custom regarding excessive force that could be said to override this written policy.

*As to policymaker,* a city cannot be liable for an unwritten custom unless "[a]ctual or constructive knowledge of such custom" is attributable to a city

15

policymaker. *Webster v City of Houston*, 735 F3d 838, 841 (5th Cir 1984). Alaniz hasn't provided evidence of such knowledge. He states simply that Ed Gonzalez was the policymaker at the time, while citing to *Webster* for the proposition that "the course of conduct warrants the attribution to the [City's] governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." Dkt 105 at 48–49, citing 735 F2d at 842. This in no way connects the actual or constructive knowledge of any custom (much less add to any proof that such a custom exists).

*As to causation*, Alaniz says that the putative custom of failing to discipline offers the "moving force behind the pervasive practice by Harris County Sheriff's officers." Dkt 105 at 48. This is also too tenuous to sustain his claim. For aside from conclusory statements, he provides no evidence that his injury arose from any failure of Harris County to discipline other officers. Dkt 105 at 48.

Summary judgment will be entered on behalf of Harris County as to the *Monell* theory with respect to unconstitutional policy or practice.

### b. Failure to train

The Supreme Court observes, "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v Thompson*, 563 US 51, 61 (2011). But a decision by a local government not to train certain employees about their legal duty to avoid violating citizens' rights may in some circumstances rise to the level of an official government policy for purposes of §1983. Id at 61–62.

To state such a claim, a plaintiff must plead that (i) the training procedures of the municipality's policymaker were inadequate; (ii) the policymaker was deliberately indifferent in adopting the training policy; and (iii) the inadequate training policy directly caused the plaintiff's injury. *Conner v Travis County*, 209 F3d 794, 796 (5th Cir 2000), quoting *Baker v Putnal*, 75 F3d 190, 200 (5th Cir 1996).

16

*As to inadequate training*, municipal liability doesn't attach merely because "a particular officer may be unsatisfactorily trained" or "an otherwise sound program has occasionally been negligently administered." *City of Canton v Harris*, 489 US 378, 390–91 (1989). The Fifth Circuit directs with the first element that the focus must be on the adequacy of the training program in relation to the tasks the particular officer must perform. *Snyder v Trepagnier*, 142 F3d 791, 798 (5th Cir 1998), quoting *City of Canton*, 489 US at 390. And so to defeat a motion for summary judgment, the plaintiff must allege with specificity how the training program is defective in this regard. *Roberts v City of Shreveport*, 397 F3d 287, 293 (5th Cir 2005).

Alaniz appears to contend that Harris County failed to adequately train as to (i) arrest without probable cause, (ii) use of excessive force, and (iii) recognizing emergency medical bracelets. Dkt 105 at 45–47. Such vague and conclusory allegations can't sustain his claims. Alaniz also fails to identify specific deficiencies in the training programs.

With respect to false arrest, Alaniz cites only to the fact that Cannon said he wasn't comfortable with the Fourth Amendment. Dkt 105 at 47. But it's undisputed that Cannon did receive training that satisfied state standards. See Dkts 97 at 16–17 & 97-6 (Cannon training records). "[I]f training of police officers meets state standards, there can be no cause of action for a failure to train absent a showing that this legal minimum of training was inadequate to enable officers to deal with the 'usual and recurring situations' faced by jailers and peace officers." *O'Neal v City of San Antonio*, 344 F Appx 885, 888 (5th Cir 2009), quoting *Benavides v County of Wilson,* 955 F2d 968, 973 (5th Cir 1992). Regardless, that an officer expressed discomfort with the Fourth Amendment doesn't show that the training program itself is defective. See *City of Canton,* 489 US at 390–91: "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have

17

25-20568.3650

resulted from factors other than a faulty training program.”

With respect to excessive force, Alaniz doesn't even argue that the training is inadequate.

With respect to training regarding medical bracelets, Alaniz cites no legal authority demonstrating an obligation for such training or that such training is necessary to enable officers to “respond properly to the usual and recurring situations with which they must deal.” See Dkt 105 at 46; *Benavides*, 955 F2d at 973, quoting *City of Canton*, 489 US at 391.

Alaniz thus fails to identify any specific training program or show how it is inadequate.

*As to deliberate indifference*, Alaniz also fails to meet his burden. This is “a stringent standard of fault,” one “requiring proof that a municipal actor disregarded a known or obvious consequence of his action.” *Connick* 563 US at 61 (citation omitted). “Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program.” Ibid. A municipality's deliberate indifference typically requires a plaintiff to allege a pattern of similar constitutional violations by untrained employees. Id at 62.

Only as to false arrest does Alaniz even attempt to provide *any* evidence of a pattern of purported unconstitutional conduct. See Dkt 105-1 (Exhibit H). But even if Exhibit H is accepted as true, it doesn't reveal any information about the training that involved officers received or its inadequacy. It's also not sufficiently specific to show that any training itself was inadequate. And in line with other determination above about pattern, given the number of arrests that Harris County makes year over year, Alaniz purporting to point to “dozens” of arrests without probable cause over multiple years can't sustain

18

the allegation that policymakers were deliberately indifferent to the constitutional rights of its citizens.

If a plaintiff can't allege a pattern, "it is still possible to establish deliberate indifference through the single-incident exception." *Hutcheson v Dallas County*, 994 F3d 477, 482 (5th Cir 2021) But that exception is "extremely narrow" and requires the plaintiff to "prove that the highly predictable consequence of a failure to train would result in the specific injury suffered." Ibid. Such exception is generally reserved for cases where the municipality provided no training at all. Id at 483. That isn't the situation here. Cannon received extensive training regarding arrest procedures, search and seizure, use of force, and first aid. See Dkt 97-6 (Cannon training records).

*As to causation*, Alaniz again hasn't shown that inadequate training was the "moving force" in his injury. His assertions are conclusory and fail to demonstrate a causal connection between the purported lack of training and his injury. Dkt 105 at 46.

Alaniz fails to carry his burden as to all three elements of his failure-to-train theory. Summary judgment will be entered in favor of Harris County on such claim.

### c.   Ratification

Alaniz further alleges that Harris County is liable because it ratified the "unconstitutional practice of unlawful arrest without probable cause" by failing to discipline officers for such conduct. Dkt 105 at 51.

The Fifth Circuit limits the theory of ratification to "extreme factual situations." *Peterson*, 588 F3d at 848. Under such precedent, this case can't be considered an extreme situation. Compare *Grandstaff v City of Borger*, 767 F2d 161, 168 (5th Cir 1985) (finding ratification where officers "poured" gunfire onto a truck and killed innocent occupant), with *Snyder*, 142 F3d at 798 (declining to find ratification in case where officer shot fleeing suspect in back); *Peterson*, 588 F3d at 848 (declining to find ratification where officer detained suspect and struck his knee); *World Wide Street Preachers Fellowship v Town of*

19

*Columbia*, 591 F3d 747, 755 (5th Cir 2009) (declining to find ratification where officer told protesters to leave intersection).

And regardless, ratification requires the *approval* of a policymaker, not mere acquiescence or failure to discipline, as Alaniz argues here. See *Benfer v City of Baytown, Texas*, 120 F4th 1272, 1287 (5th Cir 2024), citing *Allen v Hays*, 65 F4th 736, 749 n 10 (5th Cir 2023) (cleaned up): "Ratification can suffice for *Monell* liability only if the authorized policymakers approve a subordinate's decision and the basis for it."

Summary judgment will thus be entered in favor of Harris County on the ratification claim.

## 5. Conclusion

The motion by Defendant Harris County for summary judgment is GRANTED. Dkt 97.

The claims against it are DISMISSED WITH PREJUDICE.

The motion by Defendant Deputy Mark Cannon for summary judgment is GRANTED IN PART and DENIED IN PART. Dkt 98.

It is GRANTED as to the claim for false arrest, which is DISMISSED WITH PREJUDICE.

It is DENIED as to the claim for excessive force.

SO ORDERED.

Signed on December 1, 2025, at Houston, Texas.

Hon Charles Eskridge
United States District Judge

20

**TAB 3**

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **JOE ANTHONY ALANIZ,** | § | |
| *Plaintiff.* | § | **CAUSE NO.: 4:22-cv-1991** |
| | § | |
| **vs.** | § | **JURY DEMANDED** |
| | § | |
| **HARRIS COUNTY, et al,** | § | |
| *Defendants.* | § | |

## DEFENDANT MARK CANNON'S
## NOTICE OF APPEAL

Notice is hereby given that Defendant Mark Cannon hereby appeals to the United States Court of Appeals for the Fifth Circuit the District Court's Opinion and Order on Motions for Summary Judgment (Dkt. # 127) entered in this action on December 1, 2025, denying, in part, Defendant Mark Cannon's Motion for Summary Judgment (Dkt. # 98).

Defendant Mark Cannon appeals the denial of his assertion of qualified immunity from Plaintiffs' claims. A district court's order denying an assertion of qualified immunity is considered a "final decision" that can be immediately appealed and over which the United States Court of Appeals has jurisdiction pursuant to 28 U.S.C. Section 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 524-29 (1985); *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022). Additionally, the filing of this appeal stays any further proceedings as to Defendant Mark Cannon during the pendency of the appeal. *Carswell*, 54 F.4th at 312

(citations omitted); *Carty v. Rodriguez*, 211 Fed. App'x 292, 293 (5th Cir. 2006) (per curiam).

Date: December 11, 2025.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:   */s/ Joshua Green*
**JOSHUA GREEN**
Assistant County Attorney
ATTORNEY-IN-CHARGE
Texas Bar No. 24080915
Federal Bar No. 1428074
Tel: (713) 274-5229 (direct)
joshua.green@harriscountytx.gov

**FRANK FORD**
Assistant County Attorney
ATTORNEY TO BE NOTICED
Federal ID No. 565385
State Bar No. 24012642
Tel: (832) 570-7582 (direct)
Frank.Ford@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT MARK CANNON**

2

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause.

*/S/ Joshua Green* _____
JOSHUA GREEN

25-20568.3670