# No. 25-20568

# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

Joe Anthony Alaniz,

*Plaintiff - Appellee*

v.

Mark Cannon, Deputy,

*Defendant - Appellant*

---

## On Appeal from

United States District Court for the Southern District of Texas

4:22-CV-1991

---

## BRIEF OF APPELLEE JOE ALANIZ

---

SUBMITTED BY:

U.A. A. Lewis
Lewis Law Group, P.L.L.C.
P.O. Box 27353
Houston, TX 77227

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5ᵗʰ Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
| --- | --- |
| Joe Alaniz | U.A. Lewis of Lewis Law Group, P.L.L.C. Houston, TX |

| Appellants: | Counsel for Appellants: |
| --- | --- |
| Mark Cannon | Susannah Mitcham of County Attorney's Office Houston, TX |
| Mark Cannon | Francis Ford of Harris County Attorney's Office Houston, TX |
| Mark Cannon | Joshua Green of Harris County Attorney's Office Houston, TX |

| Other Interested Parties: | Counsel for Interested Parties: |
| --- | --- |
| Harris County | James Butt of Harris County Attorney's Office Houston, TX |
| Ed Gonzalez | Francis Ford of Harris County Attorney's Office Houston, TX |

S/U.A. A. Lewis
Attorney of record for
Joe Anthony Alaniz,

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is unnecessary because this appeal turns on settled limits governing interlocutory qualified-immunity appeals. The district court denied qualified immunity on the excessive-force claim because genuine disputes of material fact remain. Cannon's appeal challenges the genuineness of those disputes, not a reviewable legal issue. If the Court believes the argument would aid its jurisdictional analysis, Appellee is prepared to address jurisdiction, *Scott v. Harris, Barnes v. Felix*, and the alternative merits issue.

# **TABLE OF CONTENTS**

Contents…………………………………………………………………………Pages(s)

CERTIFICATE OF INTERESTED PERSONS...............................................................i

STATEMENT REGARDING ORAL ARGUMENT...................................................... ii

TABLE OF CONTENTS...............................................................................................iii

TABLE OF AUTHORITIES......................................................................................... 1

JURISDICTIONAL STATEMENT............................................................................... 2

STATEMENT OF THE ISSUES....................................................................................2

STATEMENT OF THE CASE....................................................................................... 2

SUMMARY OF THE ARGUMENT...............................................................................3

ARGUMENT.................................................................................................................. 3

CONCLUSION.............................................................................................................. 3

CERTIFICATE OF SERVICE...................................................................................... 4

CERTIFICATE OF COMPLIANCE.............................................................................5

# TABLE OF AUTHORITIES

**Cases**                                                                 **Pages(s)**

*Barnes v. Felix,* 605 U.S. 73 (2025)............................................................. 3,14, 18, 19

*Benavides v. Nunez,* 144 F.4th 751 (5th Cir. 2025)................................................. 10

*Brown v. Burmaster*, No. 23-30180, (5th Cir. Jan. 17, 2025)...................... 10

*Buehler v. Dear* 27 F.4th 969 (5th Cir. 2022). .............................................. 11

*Deville v. Marcantel,* 567 F.3d 156 (5th Cir. 2009)...................................... 13

*Ducksworth v. Landrum*, 62 F.4th 209 (5th Cir. 2023)................................ 6

*Goodson v. City of Corpus Christi,* 202 F.3d 730 (5th Cir. 2000)................. 13,16-19

*Hanks v. Rogers,* 853 F.3d 738 (5th Cir. 2017)............................................. 13

*Hogan v. Cunningham* 722 F.3d 725 (5th Cir. 2013)................................... 6

*Johnson v. Jones*, 515 U.S. 304 (1995)............................................................. 6, 8, 10

*Kinney v. Weaver* 367 F.3d 337 (5th Cir. 2004) (en banc).......................... 6

*Mitchell v. Forsyth* 472 U.S. 511 (1985)......................................................... 5

*Scott v. Harris,* 550 U.S. 372 (2007).............................................................. 3, 9, 19

*Trammell v. Fruge,* 868 F.3d 332 (5th Cir. 2017)......................................... 17

## JURISDICTIONAL STATEMENT

This Court lacks jurisdiction over Cannon's fact-bound interlocutory appeal. A denial of qualified immunity is immediately appealable only "to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Where the appeal challenges the district court's determination that the summary-judgment record presents a

genuine factual dispute, appellate jurisdiction is barred. *Johnson v. Jones,* 515 U.S. 304, 313–20 (1995).

The Fifth Circuit may review the materiality of factual disputes, but not their genuineness. *Kinney v. Weaver,* 367 F.3d 337, 346–47 (5th Cir. 2004) (en banc); *Hogan v. Cunningham,* 722 F.3d 725, 730–31 (5th Cir. 2013); *Ducksworth v. Landrum,* 62 F.4th 209, 212 (5th Cir. 2023). Cannon's brief confirms that his appeal challenges the district court's view of the facts, particularly its interpretation of the video record. That is not a reviewable legal issue.

## STATEMENT OF THE ISSUES

Whether this Court has jurisdiction over an interlocutory appeal where the appellant challenges only the district court's determination that genuine disputes of material fact preclude qualified immunity.

## STATEMENT OF THE CASE

Alaniz was "detained" and taken into jail custody without any charges on May 29, 2020, during a protest near downtown Houston. The district court summarized the relevant video evidence as showing that Alaniz was standing with his bicycle, filming on his phone, and was ordered to move as protesters were being cleared from the area. Alaniz was not a protester; he was a disabled spectator on a therapeutic bike ride with a brain injury who happened upon the protest and officers. He wore two medical

alert bracelets, one on each wrist. Amazed at the non-violent crowd size and chants, he took out his camera phone and began filming live on social media.

Deputy Cannon approached Alaniz and instructed him to move across a field, commanding him to "get on his bike and drive." While performing a five-second countdown, Alaniz walked his bike away from the area Cannon demanded but since he did not strictly follow his command and get on the bike instead was walking the bike Cannon forced Alaniz to the ground and proceeded to handcuff him. Despite Alaniz wearing visible medical alert bracelets, Cannon provided no accommodations, later attributing this to a lack of training in recognizing or responding to such medical alert bracelets; instead, he escalated the encounter. Several other officers assisted in the handcuffing process. As noted by the district court, Alaniz was subsequently diagnosed with significant injuries. His injuries included a torn rotator cuff and a right acromioclavicular shoulder separation, alongside injuries to his left shoulder as well.

Cannon moved for summary judgment based on qualified immunity on the claims of false arrest and excessive force. The district court granted the motion as to false arrest but denied it as to excessive force. The court found that the excessive-force issue turned on disputed facts concerning the severity of the offense, whether Alaniz posed an immediate threat, whether and to what extent Alaniz resisted, whether riding the bicycle through the field was feasible, and whether Cannon's force was proportional. Cannon appealed.

7

## SUMMARY OF THE ARGUMENT

This appeal is fundamentally flawed at the outset. Because genuine disputes of material fact remain, specifically regarding whether Alaniz offered resistance, the level of threat he posed, and the proportionality of the force employed, the district court properly denied qualified immunity.

The Appellant does not raise a legal issue. Instead, he reinterprets video evidence, disputes witness testimony, even his own, and reframes the facts in his favor.

Under *Johnson v. Jones* and controlling Fifth Circuit precedent, this Court lacks jurisdiction to review such fact disputes. The Appellant's reliance on *Scott v. Harris* fails because the video does not "blatantly contradict" Appellee's account, and the district court found competing interpretations.

Because this appeal is fact-bound, it must be dismissed for lack of jurisdiction.

## ARGUMENT

### A. The Fifth Circuit Lacks Jurisdiction Over Fact-Based Qualified Immunity Appeals

The Supreme Court has drawn a bright line: Reviewable only on purely legal questions, not reviewable when facts are genuinely disputed. *Johnson v. Jones*, 515 U.S. 304, 313 (1995).

Recent cases confirm the same rule, Appeals challenging factual disputes must be dismissed. This is jurisdictional.

### B. The Appellant's Appeal Challenges Only the Genuineness of Fact Disputes

The Appellant's briefing confirms the jurisdictional defect. He does not argue that the district court applied the wrong legal standard, or that, accepting Appellee's version of the facts, he is entitled to qualified immunity.

Instead, he argues the video shows something different; it shows that Appellee was resisting, the force was minimal, and the situation was dangerous.

Each argument depends on rejecting the district court's view of the facts. That is exactly what the Fifth Circuit cannot review. Where, as here, the appellant "does not contest the materiality of the facts … but only the district court's determination that the factual dispute was genuine," the Court must dismiss the appeal.

### C. Scott v. Harris Does Not Create Jurisdiction

The Appellant relies heavily on *Scott v. Harris*, but that case is narrow. *Scott* permits appellate courts to depart from the usual standard only where video evidence blatantly contradicts the plaintiff's version and leaves no room for reasonable disagreement.

Here, the district court reviewed the same video, found competing interpretations, and held that a jury must resolve those disputes.

Where video supports multiple reasonable interpretations, *Scott* does not apply, and jurisdiction remains absent.

### D. Fifth Circuit Precedent Requires Dismissal in This Exact Scenario

Recent Fifth Circuit cases are directly on point. In *Brown v. Burmaster*, this Court dismissed an interlocutory appeal where the district court found genuine disputes of fact, and the appellant challenged only those factual determinations. "We cannot [review that]. Accordingly, the appeal must be DISMISSED for lack of jurisdiction." *Brown v. Burmaster,* No. 23-30180, slip op. at 1, 4–6 (5th Cir. Jan. 17, 2025)

In *Benavides v. Nunez*, this Court dismissed an interlocutory appeal where the district court found genuine disputes of fact. Factual dispute (intentional vs accidental shooting), appeal challenged that dispute, dismissal required. "Because his appeal concerns the genuineness of the factual dispute … we lack jurisdiction." *Benavides v. Nunez,* 144 F.4th 751, 754–56 (5th Cir. 2025)

### E. This Case Is a Classic Johnson v. Jones Scenario

The district court viewed the evidence in the light most favorable to the non-movant, Appellee, as required by law, and identified genuine disputes and denied qualified immunity. ROA.1159.

The Appellant asks this Court to reweigh the evidence, credit his interpretation of the video, and reject the district court's findings. That is not appellate review. It is factfinding. And on interlocutory appeal, this Court has no authority to do that.

*F. The Proper Disposition Is Dismissal*

The primary disposition should be dismissal for lack of jurisdiction. If the Court concludes that any portion of Cannon's appeal presents a reviewable legal question, it should affirm the denial of qualified immunity on the excessive-force claim. Because this Court lacks jurisdiction, it should not reach the merits. The correct disposition is Dismissal of the appeal for lack of jurisdiction. This interlocutory appeal concerns only the denial of qualified immunity on the excessive force claim. The district court correctly held that genuine disputes of material fact preclude qualified immunity. Those same facts, viewed in Alaniz's favor, also establish a violation of clearly established Fourth Amendment law, as incorporated against state actors through the Fourteenth Amendment.

*G. A reasonable jury could find that the Appellant violated the Fourth Amendment*

Excessive force claims arising during an arrest or seizure are governed by the Fourth Amendment's objective-reasonableness standard. The relevant inquiry considers the totality of the circumstances, including the severity of the offense, whether the person posed an immediate threat, and whether he was actively resisting or attempting to flee.

Here, the district court properly found that those factors do not entitle the Appellant to judgment as a matter of law.

First, the alleged offense was minor, if any offense existed at all. The district court noted that "it's unclear whether any crime was committed at all," and that resisting arrest or disobeying an order to move are misdemeanors that do not typically justify force.

Second, viewing the evidence in Alaniz's favor, he did not pose an immediate threat of harm to Cannon. The district court recognized that the video showed Alaniz "standing in an open field, filming with his cell phone, and walking his bike in the direction he'd been ordered to move." It further noted that he was not immediately adjacent to the street and did not verbally or physically threaten officers.

Third, factual disputes remain regarding whether Alaniz resisted and whether the Appellant's response was proportional. The district court found that Alaniz began walking in the direction the Appellant ordered, while the Appellant argued that Alaniz was detained because he did not get on the bicycle, rather than walk his bike. The court also noted that, given the uneven and rocky field, whether riding the bicycle was even possible remained unclear.

On those facts, a reasonable jury could conclude that the Appellant used force that was clearly excessive to any need and objectively unreasonable under the Fourth Amendment.

### H. The right was clearly established by May 2020

The law was clearly established by May 2020 that an officer may not suddenly resort to significant physical force against a nonviolent person suspected of, at most, a minor offense, who is not fleeing, not threatening officers, and at most passively resisting.

That rule follows from Fifth Circuit precedent, including *Goodson v. City of Corpus Christi*, *Deville v. Marcantel*, *Hanks v. Rogers*, and *Trammell v. Fruge*.

Consistent with Fifth Circuit precedent, these decisions provided Cannon with fair notice that his conduct crossed constitutional lines. Unlike the volatile environments often associated with rapid escalations, the circumstances surrounding Alaniz's arrest remained controlled. According to Alaniz's account, he was diligently attempting to comply with instructions by filming and moving away while holding his bicycle. Despite this, he was forced to the ground following a countdown that provided no warning of an impending arrest or the use of physical force. In his response to summary judgment, Alaniz specifically contended that the Appellant seized him and executed a takedown after an arbitrary countdown, failing to signal that detention or force was imminent. He further maintained that any resistance offered prior to being taken down was, at most, passive in nature.

The response also cited evidence that Alaniz was not fleeing, was not threatening officers, and that the only alleged noncompliance was that he walked his bicycle rather than rode it.

13

Fifth Circuit law did not require a case with identical facts. It was enough that prior decisions gave reasonable warning that suddenly using force against a nonviolent, nonfleeing person suspected of a minor offense violates the Fourth Amendment. Appellee's summary-judgment response correctly relied on that principle and cited Fifth Circuit authority holding that clearly established law may exist despite factual distinctions where prior decisions gave reasonable warning.

### I. The Appellant's reliance on Barnes does not change the result

Barnes helps Alaniz, not Cannon. Barnes rejects the Fifth Circuit's narrowed "moment-of-threat" approach and requires courts to evaluate all relevant circumstances leading up to the use of force. *Barnes v. Felix,* 145 S. Ct. 1353, 1358–60 (2025). But Barnes does not authorize an appellate court to resolve genuine factual disputes in favor of the officer on interlocutory appeal. The totality includes the broader protest setting, but it also includes that Alaniz was in an open field, filming, walking his bicycle in the direction ordered, not immediately adjacent to the street, and not verbally or physically threatening officers, as the district court found.

Rather than supporting the appellant's position, the totality of the circumstances confirms that the district court reached the correct conclusion in denying qualified immunity. A comprehensive review of the encounter shows that Alaniz, a nonviolent spectator, was attempting to comply with police directives by moving his bicycle away

14

while simultaneously filming the scene. He posed no immediate safety threat to the officers, made no attempt to flee, and was not accused of any underlying criminal activity. Cannon admitted that the primary justification for the seizure was Alaniz's perceived lack of speed in mounting and riding away on the bicycle. Yet, as the district court observed, the field's uneven terrain made riding a bicycle a questionable and potentially difficult proposition. Ultimately, the significant physical force used against Alaniz was preceded only by an aggressive countdown that provided no fair warning that he would be arrested, detained, or subjected to such force for failing to immediately comply with the specific order of departure.

Consequently, the district court correctly denied qualified immunity based on the totality of the circumstances. The holding in *Barnes* neither transforms contested facts into established ones nor authorizes an officer to employ excessive force against an individual who, according to the Appellee's account, presented no imminent danger.

### *J. The Fourteenth Amendment supports the claim only through incorporation*

Alaniz's excessive-force claim is a Fourth Amendment claim. Because the Appellant was a state actor, the Fourth Amendment protection applies through the Fourteenth Amendment. The claim is better described as a violation of the Fourth Amendment, as incorporated through the Fourteenth Amendment, not as a separate substantive due-process excessive-force claim. Because the Appellant acted in an official capacity

as a state agent, the Fourth Amendment's prohibition against excessive force is applicable to Alaniz's claim via the Fourteenth Amendment.

### K. At minimum, the factual disputes require a trial

If the Court reaches the merits, it should affirm the denial of qualified immunity. The district court correctly found that disputed facts preclude summary judgment on both prongs of qualified immunity. On the first prong, a reasonable jury could find excessive force because the suspected offense was minor, if it existed at all; Alaniz did not pose an immediate threat; and the resistance evidence was disputed. On the second prong, *Goodson* and *Trammell* gave fair warning that quickly taking a nonviolent, nonfleeing person to the ground after minimal or passive resistance may violate the Fourth Amendment. Consistent with Fifth Circuit precedent, these decisions provided Cannon with fair notice that his conduct crossed constitutional lines. The district court relied on those same cases in denying summary judgment.

### L. At minimum, the factual disputes require a trial

If the Court reaches the merits, it should affirm the denial of qualified immunity. The district court correctly found that disputed facts preclude summary judgment on both prongs of qualified immunity. On the first prong, a reasonable jury could find excessive force because the suspected offense was minor, if it existed at all; Alaniz did not pose an immediate threat; and the resistance evidence was disputed. On the second prong, *Goodson* and *Trammell* gave fair warning that quickly taking a nonviolent,

16

nonfleeing person to the ground after minimal or passive resistance may violate the Fourth Amendment. *Goodson v. City of Corpus Christi,* 202 F.3d 730, 740 (5th Cir. 2000); *Trammell v. Fruge*, 868 F.3d 332, 341–42 (5th Cir. 2017). The district court relied on those same cases in denying summary judgment.

The precedent in *Buehler v. Dear*, cited by Cannon, is inapplicable here. In contrast, the decisions in *Goodson* and *Trammell* highlight that an *abrupt escalation to tackling* in response to minimal resistance is constitutionally problematic. When the record is viewed in the light most favorable to Alaniz, the circumstances closely mirror *Goodson*, as he was subjected to a takedown immediately after pulling his arm away. Unlike *Buehler*, which centered on a sustained and clear instance of resisting arrest, Alaniz was already moving as directed when the force was applied. This sudden takedown was entirely disproportionate given that Alaniz presented neither a threat nor a flight risk.

An excessive-force claim requires injury resulting directly and only from force that was clearly excessive and objectively unreasonable. The reasonableness inquiry considers the totality of the circumstances, including the severity of the offense, whether the suspect posed an immediate threat, and whether the suspect was actively resisting or attempting to flee.

Viewing the facts in *Alaniz's* favor, as we must at this stage, the district court correctly held that a jury could find Cannon's use of force excessive.

First, the suspected offense was minor, if it existed at all. The district court noted that it was unclear whether any crime was committed and that the alleged offenses of resisting arrest or disobeying an order were misdemeanors that do not typically justify force.

Second, the threat evidence was disputed. Although Cannon emphasized the broader protest environment, the district court found that the videos at the time of arrest showed Alaniz standing in an open field, filming with his phone, and walking his bike in the direction he had been ordered to move. The district court also found that Alaniz was not immediately adjacent to the street and did not verbally or physically threaten officers.

Third, the resistance evidence was disputed. The videos show that Cannon ordered Alaniz to "get on your bike and drive," but Alaniz began walking the bike in the direction ordered. The district court found a dispute over whether this was compliance, whether riding through the rocky field was feasible, and whether any pulling away by a disabled person amounted to passive resistance.

Fifth Circuit precedent has long recognized that force may be excessive where a person suspected of a minor offense, who is not threatening officers and is not attempting to flee, is taken to the ground after passive resistance or minimal pulling away. The district court relied on *Goodson* and *Trammell* in concluding that a reasonable

18

jury could find Cannon's force excessive and objectively unreasonable. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000).

Cannon argues that *Barnes v. Felix* requires a broader totality-of-the-circumstances analysis. *Barnes v. Felix,* 605 U.S. 73, 79–81 (2025). But Barnes does not authorize this Court to resolve disputed facts in the officer's favor on interlocutory appeal. The totality includes the tense protest environment, but it also includes the facts that Alaniz was in an open field, filming, walking his bicycle, not threatening officers, and allegedly taken down after failing to get on his bike quickly enough. The moment of force must govern the threat analysis. While the general setting was a protest, Alaniz was "in an open field, filming, walking his bicycle in the direction ordered, not immediately adjacent to the street, and not verbally or physically threatening officers." The Appellant's reliance on the prior non-compliance is an attempt to use Barnes to justify the excessive degree of force, not the immediacy of the threat at the moment of the take-down. On this record, *Barnes* does not compel qualified immunity.

Nor does *Scott v. Harris* change the result. *Scott* allows courts to reject a plaintiff's version only when video evidence blatantly contradicts it. Here, the video supports competing interpretations. Where video evidence is susceptible to more than one reasonable view, the jury, not this Court, must resolve the dispute.

Accordingly, to the extent Cannon presents a reviewable legal challenge, the district court correctly denied qualified immunity on the excessive-force claim. If this Court reaches the merits, it should affirm the denial of qualified immunity on the excessive force claim.

## CONCLUSION

For these reasons, this Court should dismiss the appeal for lack of jurisdiction. Cannon does not merely argue that Alaniz's version, if accepted, fails to establish a constitutional violation or clearly established law. Instead, he asks This Court to accept his interpretation of the video, his characterization of Alaniz's movement as resistance, and his view that the force was limited and reasonable. Those are factual disputes. This Court must therefore dismiss the appeal insofar as Cannon challenges the district court's determination that genuine factual disputes exist.

Alternatively, if the Court reaches the merits, it should affirm the district court's denial of qualified immunity on the excessive force claim because, viewing the facts in Alaniz's favor, Cannon violated clearly established Fourth Amendment law, applied to him through the Fourteenth Amendment.

SUBMITTED BY:

S/U.A. A. Lewis
Lewis Law Group, P.L.L.C.
P.O. Box 27353
Houston, TX 77227

20

## CERTIFICATE OF SERVICE

I certify that on May 29, 2026, the foregoing document was forwarded via EFC on today's date to each appearing parties/counsel of record

S/U.A. A. Lewis

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), and 5th CIR. R. 32.1. This document contains 3151 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Google Docs

S/U.A. A. Lewis