No. 25-20568

IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

---

JOE ANTHONY ALANIZ,
Plaintiff–Appellee,

v.

MARK CANNON, DEPUTY; HARRIS COUNTY, TEXAS;
ED GONZALEZ, SHERIFF,
Defendants–Appellants.

---

Appeal from the United States District Court for the Southern District of Texas
In Case No. 4:22-CV-1991, the Honorable Charles R. Eskridge III presiding.

---

**REPLY BRIEF OF APPELLANT MARK CANNON**

---

SUBMITTED BY:

**ATTORNEY-IN-CHARGE:**

**SUSANNAH MITCHAM**
Assistant County Attorney
Texas Bar No. 24107219
Federal ID No. 3640160
Tel: (713) 274-5193 (direct)
Susannah.Mitcham@harriscountytx.gov
**Office of The Harris County Attorney**
1010 Lamar, 11th Floor
Houston, Texas 77002

**OF COUNSEL:**

**FRANK FORD**
Assistant County Attorney
Texas Bar No. 24012642
Federal ID No. 565385
Tel: (832) 570-7582 (direct)
Frank.ford@harriscountytx.gov
**Office of The Harris County Attorney**
1010 Lamar, 11th Floor
Houston, Texas 77002

**Attorneys For Defendant-Appellant Mark Cannon**

June 22, 2026.

ii

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................III

**TABLE OF AUTHORITIES** .......................................................................IV

**JURISDICTIONAL STATEMENT AND SUMMARY OF THE ARGUMENT** ..................................................................................................1

**STANDARD OF REVIEW** .............................................................................2

**ANALYSIS** ......................................................................................................4

    A.   THIS COURT HAS JURISDICTION ..................................................................4

    B.   APPELLEE'S CLEARLY ESTABLISHED LAW AUTHORITIES ARE DISTINGUISHABLE ..................................................................................6

    C.   *SCOTT V. HARRIS* PERMITS THE COURT TO CONSIDER OBJECTIVE VIDEO EVIDENCE .........................................................................................8

    D.   DEPUTY CANNON IS ENTITLED TO QUALIFIED IMMUNITY ...........................9

    E.   THE FORCE USED BY DEPUTY CANNON WAS OBJECTIVELY REASONABLE UNDER *BARNES* ........................................................................................12

    F.   APPELLEE'S RESPONSE RELIES ON FACTUAL ASSERTIONS UNSUPPORTED BY THE RECORD ..................................................................................14

**CONCLUSION**................................................................................................15

**RELIEF REQUESTED** ...................................................................................15

**CERTIFICATE OF SERVICE** .....................................................................16

**CERTIFICATE OF COMPLIANCE** ...........................................................16

# TABLE OF AUTHORITIES

Page(s)

Cases

*Allen v. Rapides Parish Sch. Bd.*,
  204 F.3d 619 (5th Cir. 2000) ...................................................................................3
*Argueta v. Jaradi*,
  86 F4th 1084 (5th Cir. 2023) ..................................................................... 1, 2, 15
*Barnes v. Felix*,
  152 F.4th 669 (5th Cir. 2025) .................................................... 9, 10, 12, 13
*Betts v. Brennan*,
  22 F.4th 577 (5th Cir. 2022) ...............................................................................6, 12
*Brown v. Callahan*,
  623 F.3d 249 (5th Cir. 2010) ...............................................................................5
*Brown v. City of Houston*,
  337 F.3d 539 (5th Cir. 2003) ...............................................................................3
*Buehle*r v. Dear,
  27 F.4th 969 (5th Cir. 2022) ..................................................................... 13, 14
*Carnaby v. City of Houston*,
  636 F.3d 183 (5th Cir.2011) ...............................................................................4
*Cass v. City of Abilene*,
  814 F.3d 721 (5th Cir. 2016) ...............................................................................7
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)...............................................................................................3
*Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*,
  738 F.3d 703 (5th Cir. 2013) ...............................................................................3
*Goodson v City of Corpus Christi*,
  202 F3d 730 (5th Cir 2000) ...............................................................................6, 7
*Graham v. Connor*,
  490 U.S. 386 (1989)..................................................................... 10, 12, 13
*Hanks v. Rogers*,
  853 F.3d 738 (5th Cir. 2017) ...............................................................................2
*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982)...............................................................................................14
*Johnson v. Jones*,
  515 U.S. 304 (1995)..................................................................................2, 5
*Joseph v. Bartlett*,
  981 F.3d 319 (5th Cir. 2020) ..................................................................... 10, 13

*King v. Handorf,*
   821 F.3d 650 (5th Cir. 2016) ...................................................................9
*Kisela v. Hughes,*
   584 U.S. 100 (2018)............................................................................7
*Mitchell v. Forsyth,*
   472 U.S. 511 (1985)............................................................................5
*Norman v. Ingle,*
   151 F4th 707 (5th Cir. 2025) ...........................................................1, 15
*Ramirez v. Martinez,*
   716 F.3d 369 (5th Cir. 2013) ........................................................ 10, 12
*Scott v. Harris,*
   550 U.S. 372 (2007)........................................................... passim
*Trammell v. Fruge,*
   868 F.3d 332 (5th Cir. 2017) ........................................................ 2, 6, 7
*United Fire & Cas. Co. v. Hixson Bros., Inc.,*
   453 F.3d 283 (5th Cir. 2006) ...................................................................3
*Vincent v. City of Sulphur,*
   805 F.3d 543 (5th Cir. 2015) ...................................................................7

Statutes

42 U.S.C. §1983 ...........................................................................15

Rules

Fed. R. App. P. 32(a)(5)...........................................................................16
Fed. R. App. P. 32(a)(6)...........................................................................16
Fed. R. App. P. 32(a)(7)(B) ...........................................................................16
Fed. R. App. P. 32(f)...........................................................................16
Fed. R. Civ. P. 56(a)...........................................................................3
Fed. R. App. P. 28...........................................................................2, 14
Fifth Circuit Rule 32.2 ...........................................................................16

## JURISDICTIONAL STATEMENT AND SUMMARY OF THE ARGUMENT

Mr. Alaniz argues that this court does not have jurisdiction because the lower court found factual disputes that prevented summary judgment. See Docket Entry 37, Appellee Alaniz's response. He is wrong. There is a video recording of the entire incident and the court should consider the facts depicted by the videos. *Scott v. Harris*, 550 U.S. 372, 380 (2007), ROA.2911. To the extent that there are factual disputes, this Court is permitted to review the materiality and genuineness of those disputes where, as in this case, video evidence is available. *Norman v. Ingle*, 151 F4th 707, 711 (5th Cir. 2025)(citing *Argueta v. Jaradi*, 86 F4th 1084, 1088 (5th Cir. 2023)).

At the outset, Appellant respectfully acknowledges that a portion of the factual recitation contained in the Opening Brief is inaccurate and does not reflect the record evidence. Undersigned counsel did not prepare the Opening Brief and upon review of the record, believes certain factual assertions within the brief need clarification. Appellant respectfully directs this court to the objective video contained in the record, ROA.2909-2911, which provides the most accurate account of the events at issue. Appellant agrees with the district court's recitation of the relevant fact to the extent that it is based on the video recording that the officers took Mr. Alaniz to the ground and that he did not voluntarily sit down.

Appellee's response attempts to frame this appeal as a prohibited challenge to the district court's fact findings under *Johnson v. Jones*, 515 U.S. 304 (1995). This is incorrect. Appellant challenges the district court's legal conclusion that the facts shown by the video evidence amount to a violation of clearly established law. Where the video evidence exists, this Court may determine whether the district court accurately characterized the events depicted and whether those facts are legally sufficient to defeat qualified immunity. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007); *Argueta v. Jaradi*, 86 F.4th 1084, 1088 (5th Cir. 2023).

Appellant further notes for this court that Appellee Alaniz's response contains only one citation to the appellate record. Federal Rule of Appellate Procedure 28 requires parties to support factual statements with appropriate citations to the record. The entire statement of the case section of Appellee's response does not contain any citations in support of his factual assertions. Appellant respectfully submit that the court should disregard factual assertions unsupported by record citations and instead rely on the evidence provided in the record.

This court should reverse the district court and find that qualified immunity applies.

### STANDARD OF REVIEW

"This court reviews de novo the district court's resolution of legal issues on a motion for summary judgment on the basis of qualified immunity." *Trammell v.*

*Fruge,* 868 F.3d 332, 338 (5th Cir. 2017)(quoting *Hanks v. Rogers*, 853 F.3d 738, 743 (5th Cir. 2017) Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a party moves for summary judgment on an issue where that party bears the ultimate burden of proof, it must establish a prima facie case with admissible evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (quoting *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000)).

This Court reviews the evidence in the light most favorable to the nonmoving party, *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006), but "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

Factual allegations arising out of events captured on video are viewed "in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). Here,

3

the question is whether this was excessive force, and whether Deputy Cannon was protected by qualified immunity.

## ANALYSIS

### A. This Court has Jurisdiction

This Court has jurisdiction because Appellant challenges the legal significance of the record evidence, not the mere genuineness of a factual dispute. Appellee gravely mischaracterizes the appeal as a challenge to the district court's determination that a factual dispute exists. The Fifth Circuit retains jurisdiction over interlocutory qualified immunity appeals that present legal questions, including whether the record evidence is sufficient to create a genuine dispute of material fact and whether the facts, viewed in the light most favorable to the plaintiff, establish a constitutional violation. The material events at issue are captured on video. The summary-judgment record includes Alaniz's own cell-phone video and body-worn-camera footage from Sgt. Ortiz and Deputy Cannon. ROA.2909-2911. The Court assigns "greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Houston,* 636 F.3d 183, 187 (5th Cir.2011). When one party's description of the facts is discredited by the record, we need not take his word for it but should view "the facts in the light depicted by the videotape." *Id*., *Scott,* 550 U.S. at 380–81.

4

Appellee's reliance on *Johnson v. Jones* is misplaced because Johnson does not prohibit review of whether the facts identified by the district court amount to constitutional violations. 515 U.S. 304, 313-20 (1995).

The Fifth Circuit retains jurisdiction where an appellant argues the district court misapplied clearly established law or improperly characterized video evidence or incorrectly determined the legal significance of the facts. *See Brown v. Callahan*, 623 F.3d 249, 252 (5th Cir. 2010). Appellant accepts the facts depicted by the video evidence, including that Appellee was taken to the ground during the detention by the officers. The question is whether the facts viewed in light of the totality of the circumstances confronting officers during a protest, establish a violation of clearly established law. The issue falls within the Court's jurisdiction.

The Supreme Court has recognized that denials of qualified immunity are immediately appealable to the extent they turn on issues of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Although *Johnson v. Jones* limits appellate review of factual findings, it does not prohibit review of whether the facts identified by the district court amount to constitutional violations.

Moreover, where objective video evidence exists, this Court is not required to accept the characterization of events that is contradicted by the recording. *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). Appellant brings this appeal based on legal

questions concerning the significance of the video evidence and whether the conduct violated clearly established law. This Court has jurisdiction.

### B. Appellee's Clearly Established Law Authorities are Distinguishable

Alaniz's reliance on *Goodson* is misplaced. *Goodson* involved a materially different and more severe response, where officers tackled the plaintiff and caused serious injuries after a stop-and-frisk unsupported by reasonable suspicion. *Goodson v City of Corpus Christi*, 202 F.3d 730, 737 (5th Cir 2000). Accordingly, *Goodson* is factually distinguishable and does not control the outcome of this appeal. In this case, the use of force was supported by reasonable suspicion. See ROA.2910. Cannon video, 20:12:42-20:12:47.

Alaniz's reliance on *Trammel v. Fruge* is also misplaced. *Trammel* does not establish a categorical rule that taking a suspect to the ground is unreasonable whether force is used. Rather, the reasonableness inquiry remains fact specific and depends on the totality of the circumstances. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Trammell v Fruge*, 868 F.3d 332, 340. Even where the underlying offense is minor, the reasonableness inquiry still turns on the full circumstances confronting the officer, including immediate safety concerns and active resistance. . Here, those circumstances weigh heavily in Deputy Cannon's favor.

In *Betts v. Brennan*, 22 F. 4th 577 (5th Cir. 2022), the Fifth Circuit recognized that a suspect's resistance and failure to comply with officer commands are critical considerations in evaluating the reasonableness of force. Accordingly, Alaniz's reliance on *Trammell* ignores distinguished Fifth Circuit precedent, recognizing that force may be reasonable when used to gain control of a resistant or noncompliant individual.

The Supreme Court has cautioned courts "…not to define clearly established law at a high level of generality". *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). The plaintiff has the burden of showing that the unlawfulness of the defendant's conduct was clearly established at the time it occurred. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). "Courts of appeal are free to decide which of the two prongs of the qualified immunity analysis to address first." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (per curiam). But both prongs do not need to be satisfied.

*Trammel* and *Goodson* involve more severe force and different factual circumstances that are not similar enough to this case to lend any support to his claim that the Deputy Cannon violated clearly established law.

Further, Alaniz cannot demonstrate that any alleged violation was clearly established. Existing precedent must have provided fair warning to every reasonable officer that the specific conduct at issue was unlawful in the in the circumstances presented. Alaniz relies on *Goodson v. City of Corpus Christi*, *Deville v. Marcantel*,

7

*Hanks v. Rogers*, and *Trammell v. Fruge*. However, these cases are materially distinguishable and do not involve the same combination of circumstances present here, including a protest setting, escalating tensions, concerns regarding crowd control, and evidence of resistance or noncompliance. *Deville* and *Hanks* both relate to the reasonable force necessary for compliance or noncompliance regarding traffic stops. Neither are relevant here.

### C. *Scott v. Harris* Permits the Court to consider Objective Video Evidence

Alaniz understates *Scott's* significance. The court may independently review the recordings to determine whether the district court's characterization of the events is supported by the record. Cannon is not asking the Court to resolve credibility disputes; Cannon is asking the Court to evaluate objective evidence.

The material facts of the encounter are largely established by video evidence in the summary-judgment record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). That record includes approximately 21 minutes of Alaniz's own cell-phone video and body-worn-camera footage from Sgt. Ortiz and Deputy Cannon. ROA.2909-2911. (Alaniz's Cell Phone Video, Deputy Cannon's body-worn camera video, Sergeant Ortiz's body-worn camera video). Sgt. Ortiz's body-worn camera ("BWC") captured the beginning of the detention, while Deputy Cannon's body-worn camera more clearly captured the remainder of the detention and handcuffing.

The events immediately preceding Alaniz's detention, as well as the detention itself, are captured on Deputy Cannon's body-worn camera from time stamp 20:11 to 20:14. ROA.2910.

*Scott* does not permit a court to consider video evidence; it requires the court to reject factual narratives that are contradicted by recordings. 550 U.S. at 380-81. When video evidence provides a complete account of the incident, unsupported characterizations by either party cannot create a genuine dispute of material fact. This Court should analyze the incident as it is shown in the video rather than the facts described by the parties.

### D. Deputy Cannon is Entitled to Qualified Immunity

To overcome the defense of qualified immunity, Appellee must establish that the allegedly wrongful conduct violated clearly established law and there is a genuine issue of material facts as to the reasonableness of the conduct. *King v. Handorf*, 821 F.3d 650, 654 (5th Cir. 2016).

Alaniz alleges an excessive-force claim governed by the Fourth Amendment has been violated. To establish a Fourth Amendment violation based on an officer's use of excessive force, plaintiffs must show: (1) an injury, (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Barnes v. Felix*, 152 F.4th 669, 674 (5th Cir.

2025) citing *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013). Whether force is objectively unreasonable is evaluated under the totality of the circumstances, including the severity of the suspected offense, whether the suspect posed an immediate threat to the safety of officers or others, and whether the suspect was actively resisting or attempting to evade arrest. *Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020) (citing to *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Here, the District Court isolated the moments immediately preceding Appellee's detention while disregarding the broader circumstances confronting Deputy Cannon. The district court's analysis failed to adequately account for the protest environment, heightened tensions between officers and demonstrators, and Alaniz's repeated noncompliance with officers' commands. These circumstances are relevant to determining what a reasonable officer would have perceived at the time force was used. Viewed from the perspective of a reasonable officer on the scene, the force employed was objectively reasonable under the circumstances. In *Barnes v. Felix*, the Court emphasized that excessive-force claims must be analyzed under the totality of the circumstances and not by a moment in time. *Barnes v. Felix*, 152 F.4th 669, 674 (5th Cir. 2025). Courts must consider the entire sequence of events the deputies are confronted with.

This incident occurred during a protest related to the death of George Floyd. Houston police, along with Harris County deputies, were trying to prevent protesters

from taking over the I-10 freeway. Alaniz's own 22-minute cell phone video captures this chaotic scene. See generally, ROA.2909. Alaniz's cell phone video, 1:00-3:30. The district court's analysis improperly narrowed the inquiry and failed to account for the complete context confronting Deputy Cannon.

Under *Barnes,* the reasonableness inquiry turns on the totality of the circumstances, not a freeze-framed view of a few seconds in isolation. Here, the video evidence shows a tense, dangerous protest-dispersal operation near a major freeway, repeated commands to move, Alaniz's continued noncompliance, and his resistance once Cannon began the detention. Viewed in the light depicted by the videos, Cannon's limited use of force was a reasonable response to a rapidly evolving safety situation and does not amount to a constitutional violation.

Alaniz additionally makes broad arguments concerning the application of the *Graham* factors. First, the severity of the offense is only one Graham factor. Even assuming a minor offense, officers may employ reasonable force when confronted with noncompliance or evolving circumstances. Second, Alaniz improperly isolates the arrest from the surrounding circumstances. The relevant inquiry is what a reasonable officer perceived at the time. The broader protest environment remains part of the totality of the circumstances analysis. Third, evidence demonstrates clear resistance or noncompliance. Fifth Circuit precedent recognizes that resistance and failure to comply are critical considerations. *Betts v. Brennan*, 22 F.4th 577 (5th Cir.

11

2022). Alaniz minimizes evidence of resistance while relying on his preferred interpretation of the facts.

Accordingly, Alaniz has failed to carry his burden on either prong of the qualified immunity analysis, and Deputy Cannon is entitled to qualified immunity.

### E. The Force Used by Deputy Cannon was Objectively Reasonable Under *Barnes*

The District Court correctly held that Deputy Cannon was entitled to qualified immunity on Plaintiff's false-arrest claim. ROA.3634-3653. Thus, the legality of Appellee's detention is not before this Court. The only issue is whether the force used during the lawful detention was objectively unreasonable.

"To establish a Fourth Amendment violation based on an officer's use of excessive force, plaintiffs "must show: (1) an injury[;] (2) which resulted from the use of force that was clearly excessive to the need[;] and (3) the excessiveness of which was objectively unreasonable." *Barnes v. Felix*, 152 F.4th 669, 674 (5th Cir. 2025) citing *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013).

In *Graham v. Connor*, "the Supreme Court outlined a few considerations that inform the need for force: (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020) (citing to *Graham v. Connor*,

12

490 U.S. 386, 396 (1989)). The Fifth Circuit reviews these considerations "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

The Supreme Court held that any claim "that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard." *Barnes v. Felix*, 152 F.4th 669, 673 (5th Cir. 2025). And in "doing so, the court must consider the **totality of the circumstances.**" *Barnes v. Felix*, 152 F.4th 669, 673-674 (5th Cir. 2025).

The District Court determined that the officers lawfully detained Alaniz, because the detention was lawful, Deputy Cannon was entitled to use a reasonable degree of force to maintain control of the situation. *See Graham* v. Connor, 490 U.S. 386, 396 (1989)). The video evidence demonstrates that the force employed by Deputy Cannon was limited in duration until he got control of Alaniz. Thus, this case is distinguishable from other cases including severe force against subdued or compliant individuals. This case resembles *Buehler v. Dear*, where the Fifth Circuit recognized that officers may employ measured force to gain control of a noncompliant individual and complete handcuffing. 27 F.4th 969, 980-81 (5th Cir. 2022). And as *Buehler* notes, even if the officer violated the Fourth Amendment, plaintiff's claims against him cannot proceed unless he overcomes qualified

13

immunity. *Buehler v. Dear*, 27 F.4th 969, 980–81 (5th Cir. 2022) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The Fifth Circuit has "frequently held that officers were either constitutionally justified or entitled to qualified immunity for taking suspects to the ground in response to forms of physical resistance similar to those in which Buehler engaged." *Buehler v. Dear*, 27 F.4th 969, 988 (5th Cir. 2022).

### F. Appellee's Response Relies on Factual Assertions Unsupported by the Record

Federal Rule of Appellate Procedure 28 requires factual assertions to be supported by citations to the record. Appellee fails to do this. The statement-of-facts section of Appellee's response contains factual assertions but provides virtually no citations to the appellate record. Unsupported facts cannot create genuine disputes of material fact and should not be taken on appeal.

This omission is significant because the evidence in this case consists of video evidence that captures the incident in question. ROA.2909-2911. Where objective recordings exist, this Court need not rely on Alaniz's description of the facts where the record discredits that description but should instead consider the facts in the light depicted by the videos. *Scott v. Harris,* 550 U.S. 372, 381 (2007). This Court should rely upon the actual record evidence rather than the Appellee's unsupported descriptions of the incident.

14

To the extent that there are factual disputes, the Court is permitted to review the materiality and genuineness of those disputes where, as here, video evidence is available. *Norman v. Ingle*, 151 F.4th 707, 711 (5th Cir. 2025) (citing *Argueta v. Jaradi*, 86 F.4th 1084, 1088 (5th Cir. 2023)).

## **CONCLUSION**

Appellee has failed to meet his burden of showing that Deputy Cannon violated clearly established law. Deputy Cannon's appeal is properly before this Court and the District Court's denial of qualified immunity should be reversed and render judgment in favor of Deputy Cannon's favor on Alaniz's excessive-force claim.

## **RELIEF REQUESTED**

Deputy Cannon respectfully requests that this Court reverse the trial court's denial of summary judgment and render judgment in favor of Deputy Cannon based on qualified immunity on all claims asserted under 42 U.S.C. §1983.

/s/ *Susannah Mitcham*
**SUSANNAH MITCHAM**
Assistant County Attorney

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 22, 2026, I filed a true and correct copy of the foregoing brief via the Court's CM/ECF system, which will automatically serve a copy on all parties' counsel.

<u>Appellee Mr. Alaniz's Counsel</u>
U.A. Lewis
Texas Bar No. 24076511
Myattorneyatlaw@gmail.com
P.O. Box 27353
Houston, Texas 77227

<u>Defendant Harris County's (Dismissed by Trial Court) Counsel</u>
James C. Butt
Sr. Assistant County Attorney
Texas Bar No. 24040354
James.Butt@harriscountytx.gov
1010 Lamar, 11ᵗʰ Floor
Houston, Texas 77002

*/s/ Susannah Mitcham*
**SUSANNAH MITCHAM**
Assistant County Attorney

## <u>CERTIFICATE OF COMPLIANCE</u>

1.   This brief complies with the type-volume limit of Fifth Circuit Rule 32.2 and Fed. R. App. P. 32(a)(7)(B) because, including the parts of the document exempted by Fed. R. App. P. 32(f), this brief 3304 words.

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, in Times New Roman 14-point typeface. Case names are italicized or underlined.

*/s/ Susannah Mitcham*
**SUSANNAH MITCHAM**
Assistant County Attorney

16